Merrimack, ⎫
May 5, 1914. ⎬

## FRANK CHESLEY *v.* NORRIS DUNKLEE.

It is essential that the plaintiff in an action for negligence show some relation
between himself and the defendant, in order to establish the latter's obligation
to exercise care; but the matter in issue upon a trial of the cause is the defend-
ant's negligence in a broad and general sense, and not some particular neglect
which is specially alleged in the declaration.

A plaintiff who brings a second suit for the same cause of action against the same
defendant is barred not only as to matters actually litigated in the prior suit,
but also as to everything which might have been litigated therein.

Where the declaration in an action for personal injuries alleges negligence on the
part of the defendant as master, a judgment rendered upon a verdict in his
favor is a bar to a subsequent suit against him for the same injuries resulting
from the same neglect, in which the relation between the parties is otherwise
described.

CASE, for negligence. The declaration alleges that the defendant
while constructing a garage had the control and supervision of the
plaintiff and other workmen, negligently failed to furnish the plain-
tiff a safe place to work, and negligently commanded the plaintiff
to work in an unsafe place, whereby the plaintiff was injured. The
defence set up is a judgment in the defendant's favor in a prior
suit brought against him by the plaintiff to recover for the same
injuries. The declaration in that suit alleged that the plaintiff was
at work for the defendant for hire, and that the defendant negli-
gently failed to instruct and warn the plaintiff, or to provide a suit-
able work-place, instrumentalities, rules, and fellow-servants,
whereby the plaintiff was injured. Upon the trial of that suit the
jury were specially inquired of whether the plaintiff was the defend-
ant's servant, and were instructed that if they found he was not they
should return a verdict for the defendant. The jury answered the
question in the negative and returned a general verdict for the de-
fendant upon which judgment was entered. The question whether
that judgment, if properly pleaded, is a bar to the present suit was
transferred without a ruling from the October term, 1913, of the
superior court by *Chamberlin,* J.

*Niles & Upton* (*Mr. Upton* orally), for the plaintiff.

*Martin & Howe* (*Mr. Howe* orally), for the defendant.

PEASLEE, J.   The plaintiff seeks to maintain the present suit upon the ground that the issue tried in the former action and settled by the judgment therein was only that he was not the defendant's servant, and that a claim of negligence growing out of some other relation of the parties is still open to him.

One question presented by these contentions is whether, in an action on the case to recover damage for personal injuries caused by negligence, the matter in issue is the defendant's negligence in a broad and general sense, or some particular neglect which is specially alleged in the declaration.   "The distinction is between facts which, being alleged in pleading, constitute a good cause of action or a good defence, and facts which are merely evidence—between facts which upon the face of the pleadings are essential to be established by one party or the other, and facts which upon the face of the pleadings are immaterial, and become material only by the course of the evidence."     *Metcalf* v. *Gilmore,* 63 N. H. 174, 187.   In this case the good cause of action is set up by an allegation that the defendant negligently caused a stone to fall upon the plaintiff to his damage.   This is all that it is essential to establish.   The matters put in issue are the elements of negligence and damage.

In order to establish negligence, it is essential that the plaintiff show a relation between himself and the defendant.   *Garland* v. *Railroad,* 76 N. H. 556.   The relation may be that of master and servant, or only that of two men working side by side.   The particular relation was not the matter in issue in this case.   It was merely the evidence by which the plaintiff sought to establish the fact that the conduct of one party was likely to affect the other.   This aspect of the case involves the principle of *King* v. *Chase,* 15 N. H. 9.   There the suit was for the conversion of a lot of oats.   This put in issue the plaintiff's title.   The particular title relied upon was a mortgage which was found to be fraudulent.   This did not make the validity of the mortgage the matter in issue.   The matter in issue which was settled by that suit was that the plaintiff did not have title to the oats—not that his mortgage was invalid.   So here, the matter in issue, and consequently settled by the judgment, was the defendant's relation to the plaintiff.   The fact that by the course of the trial, or the admissions in the declaration, this was made to turn on whether they were master and servant did not change the issue or narrow the scope of what was settled by that verdict and judgment.   *Metcalf* v. *Gilmore,* 63 N. H. 174, 187; *Winnipiseogee etc. Co.* v. *Laconia,* 74 N. H. 82.

"Matter in issue" means an essential element of a cause of action or a defence recognized by the law; things to be pleaded, as distinguished from those merely proved. In this instance it means the elements of an action on the case for negligence. Those elements are (1) relation of the parties, (2) the defendant's failure to use ordinary care, (3) the plaintiff's care, (4) resulting damage. In *King* v. *Chase*, 15 N. H. 9, title was an essential element of the cause of action, but the particular title was not. Therefore it followed that the estoppel applied to the former, although only the latter was tried. The plaintiff tried as much of title as he saw fit to claim. Title was essential, but title by mortgage was not. Likewise, in this suit for negligence relation of the parties is an essential element, but relation as master and servant is not. As pointed out in *King* v. *Chase*, if this were not so the plaintiff could have as many trials as there are relations of which he could find evidence. If the particular relation or the precise bit of negligence were the matter in issue, the plaintiff might continue to prosecute his claim indefinitely. The prevention of such a result is one object of the rule.

It is to be presumed, and such is the fact, that some essential element in a cause of this kind was litigated. That element was the relation of the parties. Instead of trying it generally, or upon an alternative theory, it was claimed that the relation arose in a single, defined way. This method of evidencing a relation having failed, the issue tried was decided against the plaintiff, and it is settled between these parties that there was no relation between them, not merely that the relation of master and servant did not exist. The plaintiff's right is to try his case once, not once on one theory and again on another.

The plaintiff's claim, that "the issue as to whether the plaintiff was injured as a result of the breach by the defendant of any duty arising out of the relation of master and servant was not determined by the jury," involves a confusion of ideas. It is true they did not return an answer to this specific question, but they did return a general verdict and a special verdict which showed that the general one was based upon the failure to prove the relation alleged. The plaintiff saw fit to limit his claim of negligence to a specific relation. Failing in evidence of this, the verdict was of course against him on the issue he sought to prove in this way. But this decided the whole issue against him as finally as the conclusion as to the plaintiff's mortgage did in *King* v. *Chase, infra.* "If that was the

only matter in issue, the plaintiff might bring another suit for those oats, against the same defendant, and, relying upon some other title than that mortgage, try the title to the oats over again. Can he do so? Clearly not; and the reason is, that it is his title which has been tried, and he is concluded." *Ib.* 17.

Even upon the plaintiff's assumption that he here sues upon a different cause of action, the conclusion must be reached that an essential element, a "matter in issue" in the present case, was adjudicated in the former suit. But this is not his only difficulty. If this were a different cause of action, he would be here concluded only as to matters in issue which were actually litigated or were admitted by the pleadings. But if this is in substance a second suit for the same cause of action, then he is barred not only as to what was actually litigated in the former suit, but also as to everything which might have been litigated therein. That is, the judgment "is an absolute bar to a subsequent action." *Metcalf* v. *Gilmore*, 63 N. H. 174, 189.

The plaintiff argues that the issues made by his former declaration were (1) the relation of master and servant, (2) breach of a special duty growing out of that relation, (3) the plaintiff's care. One fault in this position is that it may not state the whole of his cause of complaint which was provable in a single action on the case for negligence. There may have been several relations between the parties. He might claim them all and prove as many as he could. He might be doubtful which of two relations existed. He could then state it in the alternative, so far as it was necessary to state it at all, and rely upon whichever the evidence showed existed. These are evidentiary facts only and must all be taken advantage of in one suit. An attempt by stating only a part, and later bringing another suit upon another part, is an endeavor to split a single cause of action. As before stated, the rule in *King* v. *Chase, supra,* was adopted to prevent such procedure.

The cases cited by the plaintiff as illustrative of the question present no difficulty. In *Meredith etc. Ass'n* v. *Drill Co.*, 66 N. H. 539, the first suit was debt upon covenant. The defence was an eviction from the demised premises. The judgment settled that there could be no recovery on the covenant. The second suit was for use and occupation, a distinct cause of action depending upon a different kind of obligation. The amendment which was refused after a trial had been had in the first suit was not a change of allegations merely, but of the form of action as well. In *Hearn* v.

*Railroad,* 67 N. H. 320, the case is complicated by the fact that the defendant in the first suit was a town, which set up a defence not open to the railroad. In the town suit it was incumbent on the plaintiff to prevail upon three issues: obstruction, notice, and his care. In the later suit against the railroad, the issue of notice was eliminated. The issues not being the same, the judgment for the defendant in the first suit did not conclude the second suit, in the absence of evidence that some of the same issues had been settled adversely to the plaintiff in the former suit.

The plaintiff's claim from the beginning has been that the defendant was negligent. In the former trial he sought to reach the conclusion by showing the relation of master and servant. In his declaration he then limited his claim to a neglect of duties imposed by reason of such relationship. This was setting out his claim in detail, instead of pleading generally. It may be that this would compel him to prove the charge as made, even if a more general declaration would have sufficed. *Corey* v. *Bath,* 35 N. H. 530, 547. It may be that a more general declaration would have entitled the defendant to a specification of charges at some stage of the proceedings. *Merritt* v. *Company,* 71 N. H. 493. But in any event the plaintiff could, if he chose, make his declaration so general and his specification so varied as to include both the negligence of a master and that of one not a master. In short, the cause proceeds upon a charge of negligent injury, not upon a charge of some particular neglect. *Winnipiseogee etc. Co.* v. *Laconia,* 74 N. H. 82. Upon a charge of such injury there has been a judgment against the plaintiff, and he cannot maintain another suit for that cause. *MacDonald* v. *Railway,* 71 N. H. 448, 457. The former judgment "concludes the parties, not only as to every matter which was offered and received to sustain or to defeat the suit, but also as to any other matter which might have been offered for that purpose." *Metcalf* v. *Gilmore,* 63 N. H. 174, 189.

The plaintiff argues that under the specific terms of his declaration he could not recover save for the negligence of a master. If this is true, it is because of his own failure to charge negligence in other respects. He had the field before him. If he chose to restrict the ground he would attempt to cover, it does not alter the fact that the whole was once open to him. This rule works no injustice to him. If because of accident, mistake, or misfortune, or for the reason that new evidence has been discovered, he ought to have a further trial of his claim against the defendant, relief could

have been sought in the former suit. If justice required a new trial it would have been granted, but only in that event. This is the reasonable protection afforded the defendant against repeated and unwarranted suits for the same cause.

*Case discharged.*

All concurred.