Hillsborough,
May 3, 1932.

VICTORIA MORIN *v.* TRAVELERS INSURANCE COMPANY.

*Banigan & Banigan (Mr. Edward W. Banigan orally),* for the plaintiff.

*Wyman, Starr, Booth & Wadleigh (Mr. Booth orally),* for the defendant.

ALLEN, J. The plaintiff claims that she will be denied her day in court if she is not permitted to go to trial, and says that the trial court had no right to issue orders in advance of the trial to ascertain what the evidence would be. The court had general charge over the action and its jurisdiction is undoubted, even if the procedure was unusual and irregular. In *Hughes* v. *Railroad,* 71 N. H. 279, a nonsuit was held properly ordered on the opening statement of plaintiff's counsel, and in *Burleigh* v. *Leun,* 83 N. H. 115, an order for determining a main issue of liability in connection with a collateral issue was held a procedural defect which was made valid by its acceptance.

The plaintiff here made no objection and took no exception to the procedure adopted and the order in pursuance of it. She thus waived any error or irregularity in it and accepted it. Her claim now made comes too late.

The issue was thereby properly before the court if the evidence of the former trial was sufficient to entitle the plaintiff to have her case submitted to a jury. The only evidence of the owner's consent for the driver to use the car was of a use of service. This evidence was an alleged admission of the owner. Although the verdict for the owner, without reference to the verdict against the driver, does not show the particular issue or issues on which the cause of action failed, yet it is conclusive on all issues which were in fact or might have been litigated. *Chesley* v. *Dunklee,* 77 N. H. 263.

If the verdict is available to the insurer as a party privy to the action in which it was returned, it inures to the insurer's benefit as to all litigable issues. It was such a party upon the litigated issue of the driver's use of the car as an act of service. "The term parties includes all persons who are directly interested in the subject-matter in issue, who have a right to make defence, control the proceedings, or appeal from the judgment." *Hunt* v. *Haven,* 52 N. H. 162, 169.

As to the issue of consent for the driver to use the car for his own purposes, it was not presented at the former trial by the pleadings. The owner was under no liability for use by the driver as a bailee. Hence the issue is here litigable. But if the evidence of the owner's admissions could be construed to acknowledge the driver's right to

use the car as a bailee, it is not competent against the insurer. Statements of the insured, not testified to by him as true, are not evidence of the insurer's liability if the insurer is sought to be held liable without regard to the insured's liability. In this respect the insurer stands as a stranger, and as to it the admissions are only hearsay in showing a bailment. *Carpenter* v. *Hatch*, 64 N. H. 573, 576; *Genest* v. *Company*, 75 N. H. 365, 369.

The record thus leaves the case with no evidence of the driver's permitted use of the car. His wrong in taking it imposed a duty to return it at all times after he took it. But the duty to return implied no consent to use, and the return trip, on which the accident occurred, was as much a wrongful and unpermitted use as the outgoing one. From start to finish the trip was wrongful in the absence of evidence showing consent to it.

There would seem to be no discretionary authority to be exercised, but as a matter of right the defendant is entitled to a verdict and judgment thereon.

*Judgment for the defendant.*

All concurred.