Hillsborough, }
June 1, 1937. }

HELENA G. TRUDEAU

*v.*

MANCHESTER COAL & ICE CO.

F. LAWRENCE BULFINCH *v.* SAME.

84

*Robert W. Upton* (by brief and orally), for both plaintiffs.

*John J. Sheehan* (by brief and orally), for the defendant.

WOODBURY, J. The plaintiffs contend that mistake or misconduct on the part of the jury is a necessary inference because the verdicts are inconsistent, and, there being nothing to indicate in which the error occurred, that both must be set aside and a new trial in each case ordered under the doctrine enunciated in *Hewett* v. *Association,* 73 N. H. 556, 561. This contention cannot be sustained.

Both actions were brought in case. They were brought not to vindicate a right but to recover compensation for negligently inflicted personal injuries and property damage and, consequently, resulting actual damage is an essential element of each. *Chesley* v. *Dunklee,* 77 N. H. 263, 265. Nominal damages have no place in actions of this sort. Failure on the part of either plaintiff to prove actual damage entitles the defendant to a verdict in the case in which such failure of proof occurs.

The plaintiffs do not seriously dispute the foregoing principles but contend that the evidence conclusively establishes that they each sustained substantial personal injuries and that the defendant's counsel admitted as much in his argument to the jury. In consequence they argue that the jury must have been in error in returning

a verdict for one plaintiff and not for the other, and in the case of the plaintiff Bulfinch, in awarding him property damages only.

The only evidence of personal injuries came from the plaintiffs themselves. The plaintiff Bulfinch testified, that, in addition to the damage to his automobile, he sustained a sprained neck and wrist and that these injuries were serious enough to interfere for several weeks with his performance of some parts of the work of his profession of dentistry. The plaintiff Trudeau testified she also sustained a sprained neck and that, in addition, the sudden impact with the automobile in which she was riding caused her jaws to close so violently that three teeth were injured to such an extent that they subsequently had to be removed. She did not make any claim for loss of wages and neither plaintiff testified to any expense for medical attendance.

To contradict this evidence of injury the defendant offered evidence to the effect that neither plaintiff made any claim of personal injuries at the time of the accident, that the plaintiff Bulfinch when reporting the accident to the local police made no mention of such injuries, that he made no report to the state Motor Vehicle Department in accordance with P. L., c. 102, s. 17, and that suits were not brought until April 1934, over four years after the accident occurred. Defendant's counsel also argued that the plaintiffs' personal injuries could not have been as serious as they claimed because neither of them called medical experts to corroborate their testimony on this issue.

It was clearly a question of fact for the jury as to whether or not either plaintiff had suffered serious enough personal injuries to warrant an award of compensation therefor. Even without the defendant's evidence, the jury could have disbelieved that of the plaintiffs on this issue. This evidence was not such as to require acceptance and the jury were not compelled to believe it simply because it was not directly contradicted. *Morrison* v. *Railroad*, 86 N. H. 176, 178.

The jury could have found from the evidence and in accordance with the charge that the defendant was negligent, and that its negligence, while resulting in actual property damage, did not result in real personal injuries to either plaintiff. There is nothing to indicate that the jury did not so find, and had they done so their verdicts would not be inconsistent.

The plaintiffs seek to charge the defendant with an admission of substantial personal injuries because its counsel stated in argument that "the injuries aren't very severe," and "Miss Trudeau lost three

teeth," and that "the damages are slight, both as to Dr. Bulfinch and this young lady." He also said: "I submit this is a case involving very slight damages." This argument might be construed as an admission of some personal injury, but it would be a contradiction in terms to hold that because the defendant characterized the injuries as not "very severe" and "slight," that he thereby admitted that they were serious enough to warrant an award of damages in the event that the jury should find that the defendant had been negligent. Defendant's counsel took the position throughout the trial and argued to the jury that the plaintiff Trudeau did not lose her teeth as a result of the accident, but lost them from some other cause. It follows that his statement to the effect that she lost them cannot be construed as an admission that she lost them as a result of the collision.

The portion of the argument which the court allowed to stand, subject to the plaintiffs' exception, reads as follows: "Now Dr. Bulfinch is a professional man, I submit, a high type of intelligent citizen ... if he had an accident involving a passenger in his car, and that passenger at the time were injured to this extent, and that her loss of teeth were due entirely to this accident, that he would have made a report to the Commissioner of Motor Vehicles, and would have reported to the Manchester Police when he went up there, as I submit he did that afternoon." At this point objection was made on the ground that "It is not warranted by the evidence."

No objection having been made until after the statement in argument to the effect that Dr. Bulfinch made his report in person to the Manchester police on the afternoon of the accident we must treat the objection as relating to that statement only. The other statements contained in the part of the argument above quoted are amply supported by the evidence.

The testimony concerning the report is somewhat conflicting. Dr. Bulfinch testified that he had no recollection of ever having made any report at all. The clerk at the police station, however, produced his records and testified that Dr. Bulfinch had made a report to him on the day of the accident, he thought "in the afternoon sometime," and that although he inquired concerning personal injuries no mention thereof appeared in the records as would have been the case had such injuries been reported. The clerk also testified that as he remembered the event he talked with Dr. Bulfinch but that it occurred so long before that he could not remember whether the talk was in person or over the telephone.

The statement in argument to the effect that Dr. Bulfinch made his report to the police "when he went up there," is not supported by the evidence. The record does not show whether the report was made in person or over the telephone. To argue that the report was made by Dr. Bulfinch "when he went up there" was error, but an error of such an insignificant character that we fail to see how either plaintiff could have been prejudiced thereby.

*Judgments on the verdicts.*

All concurred.