## JONES v. ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Ltd. (United States Branch).

### No. 287.

Circuit Court of Appeals, Second Circuit.

June 6, 1941.

Rehearing Denied July 24, 1941.

Andrews, Baird & Shumate, of New York City (William L. Shumate, of New York City, of counsel), for defendant-appellant.

Barron, Rice & Rockmore, of New York City (George P. Halperin and Samuel I. Rockmore, both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff, having sustained personal injuries in an accident caused by the negligence of Milnag Leasing Corporation, recovered a judgment against it in the New York Supreme Court, which was affirmed on appeal. Jones v. Milnag Leasing Corporation, 260 App.Div. 852, 23 N.Y.S.2d 208. The present appellant had issued to Milnag Leasing Corporation a policy of liability insurance which was in force at the time of the accident. Execution on the judgment was returned wholly unsatisfied and the plaintiff then brought an action in the state court against the appellant under Section 167 of the New York Insurance Law, Consol.Laws, c. 28, to recover the amount of the judgment against Milnag. The appellant is a corporation, organized under the laws of Switzerland, which is licensed to, and does, do business in the State of New York with its principal office in the City of New York. This suit was, on its petition, removed to the District Court for the Southern District of New York.

The complaint alleged and the answer admitted that the policy was in force at

the time of the accident in an amount exceeding the sum herein involved and also the compliance with all the statutory conditions precedent to the maintenance of the action. It was pleaded in defense that plaintiff was when injured an employee of the insured at work as such on premises described in the policy; and also that she was an employee injured in the course of her employment by the assured and to whom it was liable under the New York Workmen's Compensation Law, Consol.Laws, c. 67, § 1 et seq. The coverage of the policy as written did not extend to either such situation.

The plaintiff moved for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the court granted the motion. This appeal is from the judgment so entered for the plaintiff. The question now raised, of course, is whether there was any triable issue joined below. The appellant contends that there was as to the employment of the plaintiff by Milnag and the appellee that there was not because that issue in the state court action was decided adversely to the present contentions of the appellant.

In that action the plaintiff pleaded that she was when hurt "a specially featured member of an orchestra" performing in the Green Room at the Hotel Edison in New York City "and conducted by one Bobby Hayes"; that while lawfully so performing she was seated on an elevated stand provided for her by the defendant, the present appellant's insured, which operated a restaurant in the Green Room at the Hotel Edison, when because of the defective condition of the stand due to the negligence of the defendant she fell to the floor and was injured. The defendant in its answer denied most of the allegations in the complaint and also made the following allegation in the form of an admission; "Defendant admits that on or about the 27th day of January, 1937 in the evening of that day one known as Lenora Kelly Jones, whom defendant is informed was employed by one Bobby Hayes as a member of his orchestra, was in the Green Room of the Hotel Edison with the knowledge and consent of the defendant". The case was tried to a jury, after issue thus joined, with the result that the plaintiff obtained a verdict and the judgment thereon previously mentioned. If the question of plaintiff's employment was open on the pleadings, there

was evidence from which the jury might, perhaps, have found either that she was an employee of Bobby Hayes or an employee of the defendant; but the judge charged the jury without exception by either party that the evidence proved the defendant to be her employer. Previously the court had denied defendant's motion for leave to amend its answer to allege that the plaintiff was an employee of the defendant and that her exclusive remedy was under the Workmen's Compensation Law and the defendant had taken exceptions. On appeal by the defendant from that judgment to the Appellate Division, it was unanimously affirmed and a motion for leave to appeal was denied by the New York Court of Appeals. Jones v. Milnag Leasing Corp., 284 N.Y. ——, 30 N.E. 2d 731.

Every material fact determined by the state court in that action was conclusively settled by the final judgment "so that it cannot be further litigated in a subsequent suit between the same parties or their privies whether the second suit be for the same or a different cause of action." Oklahoma v. Texas, 256 U.S. 70, 41 S.Ct. 420, 422, 65 L.Ed. 831. The plaintiff here is the same as in the state court and the privity between this appellant, the insurer, and the then defendant, the insured, is clear. Kearns Coal Corp. v. United States Fidelity & Guaranty Co., 2 Cir., 118 F.2d 33; Elder v. New York & Pennsylvania Motor Express, 284 N.Y. 350, 31 N.E.2d 188.

But whatever may have been the determination in the state court as to the fact regarding the plaintiff's employment by Milnag, the appellant cannot now take advantage of it in this suit to limit the coverage of its policy so as to exclude liability on account of the judgment obtained in that action.

It was shown without contradiction in support of the motion for summary judgment that this appellant undertook the defense of the suit in the state court and carried it to final judgment as the insurer of the defendant under the policy now in suit. The same firm of attorneys appeared for the defendant that now represent this appellant. The record on appeal in the state court, which has been made a part of this record, shows that appellant in conducting the defense in the state court sought to maintain that the plaintiff was an employee of its insured.

There is no intimation that it at any time was acting as a mere volunteer. It did not then question its liability because of any limitations in its policy relating to employees of the insured and by continuing the defense to final judgment with knowledge of whatever the facts were in that respect, it became estopped to raise that issue now.

■ The plaintiff's right to recover in this action is a statutory one co-extensive with, though not exceeding, that which the appellant's insured would have had if it had paid the state court judgment and sued for indemnity under the policy. Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 160 N.E. 367, 72 A.L.R. 1443; Devitt v. Continental Casualty Co., 269 N.Y. 474, 199 N.E. 765; Weatherwax v. Royal Indemnity Co., 250 N.Y. 281, 165 N.E. 293; Fox v. Employers' Liability Assurance Corporation, Ltd., 243 App.Div. 325, 276 N.Y.S. 917.

■ Having the same right to enforce the policy that the insured would have had under the conditions just mentioned, the plaintiff may take full advantage of the appellant's waiver of any right to contest its liability to its insured. Gerka v. Fidelity & Casualty Co. of New York, 251 N.Y. 51, 167 N.E. 169; Utterback-Gleason Co. v. Standard Accident Ins. Co., 193 App.Div. 646, 653, 184 N.Y.S. 862. Nor did the plaintiff in this suit need to plead the appellant's waiver. Miller v. Union Indemnity Co., 209 App.Div. 455, 204 N.Y.S. 730; Black Co. v. London Guarantee & Accident Co., Ltd., 190 App. Div. 218, 180 N.Y.S. 74. No question of prejudice resulting from the action of appellant in defending the suit is present here as in Kearns Coal Co. v. United States Fidelity & Guaranty Co., supra, since there was no withdrawal from its primary undertaking to defend its insured under its policy.

No triable issue was, therefore, presented below and there was no error in granting plaintiff's motion for summary judgment.

Affirmed.

On Petition for Rehearing.

PER CURIAM.

■ Defendant petitions for a rehearing on the ground that it had received from the insured immediately after the state court trial, when it first learned of plaintiff's alleged status as an employee of the insured, a written stipulation that further conduct of the litigation should not operate as a waiver by defendant of any of its rights under the policy. Such agreement presumably would have disposed of the ground on which we originally chose to rest our decision, if it had been a part of the record in this suit. Frank Knauss, Inc. v. Indemnity Ins. Co. of North America, 270 N.Y. 211, 216, 200 N.E. 791; cf. Kearns Coal Corp. v. United States Fidelity & Guaranty Co., 2 Cir., 118 F.2d 33, certiorari denied, 61 S.Ct. 1099, 85 L.Ed. ——; and Associated Indemnity Corp. v. Garrow Co., D.C.S.D.N.Y., 39 F.Supp. 100, discussing the New York law. Ordinarily, however, matter outside the record may not first be advanced for consideration on appeal, and certainly not on petition for rehearing after appeal. But we need not rest on that ground, because there was an alternative reason, originally pleaded, argued on appeal, and mentioned in our opinion, which we could have chosen for affirming the district court's judgment.

■ This reason was that the judgment recovered by plaintiff against the insured in the state court foreclosed against defendant the question of plaintiff's and insured's relationship. That question was necessarily involved in the original suit. N.Y.Workmen's Compensation Law, §§ 10, 11, Consol.Laws, c. 67. It is true that this defendant, acting for the insured, did not originally plead it; but it did seek to raise it by motion to amend, and argued it on appeal. Recovery in such circumstances conclusively settles against the defendant all defenses which might have been pleaded and proved, as well as those which actually were. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; Grubb v. Public Utilities Commission, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972. Defendant here, although not a nominal party in the original action, is likewise bound as the person ultimately liable. Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S. Ct. 564, 40 L.Ed. 712; Oceanic Steam Navigation Co. v. Campania Transatlantica Espanola, 144 N.Y. 663, 39 N.E. 360.

■ The judge's charge to the jury in the original trial that plaintiff was insured's employee cannot alter this conclusion. The charge was not prejudicial to plaintiff, as defendant had not been allowed to plead the Workmen's Compensation Law defense; therefore, plaintiff had no grounds

for an objection. Moreover, under the pleadings, the charge was not even material, for it appears that the insured would have owed plaintiff a landowner's duty of reasonable care toward an invitee, and plaintiff would have been equally entitled to rely on the promises of insured, as landowner, to repair defects in the property. Dougherty v. Pratt Institute, 244 N.Y. 111, 113, 155 N.E. 67; see, also, Restatement, Torts, 1934, §§ 343, 344, 346. Plaintiff was not required to object to an overfavorable charge going beyond the issues made by the pleadings.

Petition denied.

CHASE, Circuit Judge, concurs on first ground stated.