Strafford,
Feb. 6, 1945. } No. 3507.

CHESTER W. BRYSON *v.* JOHN E. CARROLL.

*Ovila J. Gregoire,* for the plaintiff.

*James M. Jackson,* for the defendant.

MARBLE, C. J. According to the defendant's testimony, the plaintiff had in his herd of cows a so-called fence-breaker. This cow (a "big Holstein") would "get her head through the fence and push the wires up" and then "get her front feet through, and when she did she would come through regardless of the barbed wire." The damage of which the plaintiff complains was caused by his herd after they had escaped through the breaches in the fence which the Holstein had made. After repairing these breaches on numerous occasions, the defendant notified the plaintiff that he "could not keep the fence repaired" any longer "because that cow would go through" the fence as fast as he repaired it.

The fence, as described by the defendant, could be found to be reasonably stout and sufficient to prevent ordinary livestock from escaping. The defendant was not required to maintain an impassable barrier against unruly cattle (25 C. J. 1016, note 35) or to make repairs which the plaintiff's continued retention of a fence-breaker rendered ineffectual.

The plaintiff testified that "there is hardly any fence that will stop" a fence-breaker, but denied that he had had a fence-breaker in his herd. On the other hand, one of the defendant's witnesses declared: "The big Holstein would go through the fence because it didn't make any difference if the barbed wire was there or not. And the others if she made a hole they would follow, if she hadn't they didn't."

In view of this testimony, the contention of plaintiff's counsel that the evidence compels a finding that the defendant was negligent in the performance of his duty and that the plaintiff did not have a fence-breaker in his herd cannot be seriously entertained. Since

from the testimony relating to the material issues opposite inferences could reasonably be drawn, the plaintiff's motion was correctly denied. *Webster* v. *Seavey*, 83 N. H. 60, 62, and cases cited; *Andrew* v. *Goodale*, 85 N. H. 510, 511.

This conclusion makes it unnecessary to consider whether the evidence relating to damages is so indefinite that a verdict could not be rendered in the plaintiff's favor (see *Trudeau* v. *Company*, 89 N. H. 83, 84) or whether the plaintiff by failing to object to the submission of the case waived his right to move for judgment notwithstanding the verdict (*Exeter Banking Co.* v. *Taylor*, 85 N. H. 458, 460, 461).

*Judgment on the verdict.*

All concurred.