WILFRED RAINVILLE *v.* FARM BUREAU MUTUAL

AUTOMOBILE INS. CO.

(83 A2d 599)

May Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 2, 1951.

*Sylvester & Ready* for the plaintiff.

*Austin & Edmunds* for the defendant.

BLACKMER, J. This is an action of contract on an automobile insurance policy. Trial was by jury. At the close of the plaintiff's case, on motion that the plaintiff had not proved a theft, the court directed a defendant's verdict and entered judgment thereon.

Viewed in the light most favorable to the plaintiff, his evidence tends to establish the following facts. The plaintiff insured his automobile with the defendant against "Loss of or damage to the Automobile except by Collision or Upset but including Fire, Windstorm and Theft." The plaintiff's son, Andrew, a licensed operator, took this vehicle with the plaintiff's permission for the purpose of attending a meeting for young people at a local church. Andrew was accompanied to the church by Roger, another son of the plaintiff. Roger was sixteen years old; he had no operator's license, nor did he have permission to drive the plaintiff's car. At the church Roger took the automobile, drove it six miles away, turned around, and was half way back on his return trip to the church when the automobile ran off the road under circumstances not shown and was wrecked.

The sole issue presented is whether these facts constitute a theft within the meaning of the insurance policy.

The rule in the great majority of states may be stated in this manner. To warrant a recovery on a policy insuring an automobile against theft there must be more than a wrongful taking; the taking must be with the intent to steal. The intent to steal is a necessary ingredient of the offense, and may be inferred from the facts and circumstances of the case. 5 Am Jur, Automobiles, § 569,

and ALR Annotations there cited; Annos., 133 ALR 920 and 152 ALR 1100; 45 CJS, Insurance, § 886, p. 954; 5 Couch, Cyclopedia of Insurance Law, § 1176 A; 13-14 Huddy, Encyclopedia of Automobile Law, § 345; *Wheeler* v. *Phoenix Ind. Co.*, Maine, 65 A2d 10.

There is a small minority of cases which would support a recovery on the facts of the case under consideration. *Pennsylvania Indemnity Fire Corporation* v. *Aldridge,* 73 App DC 161, 117 F2d 774, 133 ALR 914; *Baker* v. *Continental Insurance Co.,* 155 Kan 26, 122 P2d 710; *Unklesbee* v. *Homestead Fire Ins. Co. of Baltimore,* 41 A2d 168; *Boyle* v. *Yorkshire Ins. Co.,* 56 Ont. L. R. 564. Other cases permitting recovery on similar facts reach their result on the ground that "theft" is the equivalent of "larceny", and that the statute of the jurisdiction defining larceny is broad enough to include use without the owner's consent even in absence of intent to steal. *Globe and R. F. Ins. Co.* v. *House,* 163 Tenn 585, 45 SW2d 55; *Ouimet* v. *National Ben Franklin F. Ins. Co.,* Quebec, 58 C. S. 299, 56 D. L. R. 501; *Insurance Co. of N. A.* v. *Samuels,* 31 Ga App 258, 120 SE 444; *Fidelity Phoenix F. Ins. Co.* v. *Oldsmobile Sales Co.,* Tex Civ App, 261 SW 492. The last class of cases is not authority in this state. Here the crime originally named "theft", R. 1787 p. 154; R. 1797, p. 175, now called "larceny", R. S. 95, § 6; V. S. 47, § 8304, has always required a taking *animo furandi,* that is to say with the intent to steal. *State* v. *Smith,* 2 Tyler 272, 276-277; *State* v. *Levy,* 113 Vt 459, 461, 35 A2d 853.

In *Allen* v. *Berkshire Mutual Fire Ins. Co.,* 105 Vt 471, 476-477, 168 A 698, 89 ALR 460, it is recognized that today theft is a wider term than larceny, including other forms of wrongful deprivation of the property of another. It was there held, at 476-477, that a taking *animo furandi* by a naked bailee was a theft of the automobile within the meaning of the insurance policy, although it would be an embezzlement at common law. The Allen case is a part of the growing trend in the more recent decisions to rule more strictly against insurance companies on the "theft" provisions of their policies. *Baker* v. *Continental Ins. Co., supra.*

In the light of the paragraph immediately preceding it might be said, without in any way deciding, that if Roger had taken his father's automobile with a view only to a temporary user, intending, however, to keep it for an unreasonable time; or intending to use it in a reckless, wanton or injurious manner; or intending to

leave it to mere chance whether the owner ever recovered it or not, such taking would be, both in common sense and in law, a theft within the meaning of this policy in civil litigation thereon. See *Mello* v. *Hamilton Fire Ins. Co.,* 71 RI 510, 47 A2d 621. But the plaintiff's evidence contains nothing which would justify a jury in finding that any of these alternatives existed. Nor is there any evidence which would justify a finding of *animo furandi.* The facts as disclosed do not add up to a theft, either in law or in ordinary speech. There was at most a temporary tortious conversion of the automobile, a "joy ride", and a violation of V. S. 47, § 10,294, entitled "Operation without consent of owner; penalty." For this offense, the record discloses, Roger was convicted and fined.

The trial court correctly ruled that the plaintiff was not entitled to go to the jury on an issue of theft, and made proper direction for the defendant accordingly.

*Judgment affirmed.*

Note. Sherburne, C. J., sat at the hearing of this case, but by reason of illness did not take part in the decision.