Maurice L. SHULINS, Administrator of the Estate of Martin O. Lindholm, Plaintiff-Appellant,

v.

NEW ENGLAND INSURANCE COMPANY and Francis Delorme, Defendants-Appellees.

No. 245, Docket 29638.

United States Court of Appeals Second Circuit.

Argued April 4, 1966.

Decided May 13, 1966.

Hays, Circuit Judge, dissented.

Frederick J. Fayette, Burlington, Vt. (Bloomer & Bloomer, Burlington, Vt., on the brief), for plaintiff-appellant.

James T. Haugh, Rutland, Vt. (Robinson E. Keyes and Ryan, Smith & Carbine, Rutland, Vt., on the brief), for defendant-appellee, New England Ins. Co.

Before LUMBARD, Chief Judge, HAYS, Circuit Judge, and CLARIE, District Judge.*

CLARIE, District Judge:

The plaintiff's decedent, Martin O. Lindholm, was killed when the car he was operating was struck by a vehicle driven by the defendant, Francis Delorme, an unlicensed 15-year-old service station employee. In a prior suit based upon that accident, the decedent's estate by its Administrator, Maurice L. Shulins, the plaintiff herein, sued the driver, his employer, the owner of the vehicle, and the driver's brother, Stanley Delorme.[1] The latter was alleged to have contributed to the accident because he was racing with his brother at the time.

The trial court's findings summarized the evidence at the prior trial as follows: on the day of the accident, Francis Delorme was employed after school hours at the filling station owned and operated by Aimee Ferland. Allen C. Foy, Sr., owner of a 1957 Ford Sedan, brought it to the Ferland Filling Station to have the windshield wipers repaired. At the request of Mr. Foy, Francis Delorme rode home with him, a distance of about two blocks or .2 of a mile, so that Delorme might drive the car back to the filling station to complete the repairs. When the work was finished, Ferland directed Delorme to park the car outside next to the garage building. Between nine and ten o'clock that evening, Francis Delorme took the Foy car and went for a ride up Mendon Mountain Road, following his brother Stanley who was in another car. After traveling about five miles, Francis Delorme turned around and started back. It was on the return trip that he collided with the vehicle operated by the plaintiff's decedent.

After the plaintiff rested his case in the first suit, covenants not to sue were

---

* Of the District Court for Connecticut, sitting by designation.

1. Civil Action No. 2857.

executed in favor of the service station proprietor, Aimee Ferland, and Stanley Delorme. The jury rendered a plaintiff's verdict in the amount of $50,000 against the driver of the car, Francis Delorme, but found a defendant's verdict for the owner of the car. This action was then brought against the defendants, Francis Delorme and the New England Insurance Company, insurer of the vehicle under the omnibus clause in the owner's insurance policy.[2] It seeks recovery on a two-fold basis: (1) that the driver was in possession of the automobile with the permission of the owner; and, (2) that the insurance company failed to exercise proper care and prudence in refusing to settle the claim within the policy limits of $20,-000 and is, therefore, liable for the full amount of the $50,000 judgment.

On motion of the defendant insurance company, the District Court dismissed the complaint as against Francis Delorme because of the prior valid judgment and granted summary judgment in the insurer's favor. It reasoned that the issue of permission had been "squarely put to the jury" in the prior suit against the Estate of Allen C. Foy, Sr., and the jury had found that the driver had no right whatsoever to the use and possession of the Foy car at the time of the accident. It held further that the defendant insurance company, while not an actual party to the prior action, was a party-privy to the named insured, Allen C. Foy, Sr., and in the light of the jury's verdict on the "permission issue" in the first trial, had standing to claim *res judicata* or estoppel by verdict.

The Court concluded, when it denied plaintiff's motion for amendments and additions to the findings, that even if the plaintiff were not bound by the jury verdict in the prior suit, under Vermont law the trial record's disclosure of the facts surrounding the accident would not permit a finding that Francis Delorme was

driving with the owner's (Foy's) permission. It decided that the defendant, New England Insurance Company, was entitled to a judgment as a matter of law.

That part of the District Court's decision which holds that the plaintiff is estopped by the jury verdict in Civil Action No. 2857 and that he cannot now assert that the defendant operator was driving the automobile pursuant to the "permission coverage" of the insurance policy is in error and cannot be sustained. However, we affirm the summary judgment in favor of the defendant-insurer because the facts as disclosed by the transcript of the prior trial do not permit a finding that Delorme had "permission" to operate Foy's car at the time of the accident.

The doctrine of estoppel by verdict is a phase of the doctrine of *res judicata*. It is applicable only to the parties or their privies to the previous suit, when the particular point in issue was essential to the former judgment. Thus, such judgment can be an absolute bar to a subsequent action only where the parties and the subject matter are identical or substantially so. Trapeni v. Walker, 120 Vt. 510, 144 A.2d 831 (1958); Cutler v. Jennings, 99 Vt. 85, 130 A. 583 (1925).

Here, the legal relationship of the parties in the prior suit is identical to or in privity with that of the parties in the instant action. The plaintiff is identical and the defendant insurance company is the one which insured and represented the Foy estate in the prior suit. The same insurer undertook the defense in the prior action, retained the same legal counsel and carried the action to final judgment under its policy obligations. Even though it was not a named party in the prior action, privity did exist. Jones v. Zurich Gen. Acc. & Liab. Ins. Co., 121 F.2d 761 (2d Cir. 1941); Morin v. Travelers' Ins. Co., 85 N.H. 471, 160 A. 482 (1932); Clinchfield R. R. Co. v. United States Fid. & Guar. Co., 160 F.Supp. 337

2. The omnibus clause provides:
"Persons Insured: The following are insureds under Part 1: (A) With respect to the owned automobile, (1) the named insured and any resident of the same household, (2) *Any other person using such automobile, provided the actual use thereof is with the permission of the named insured.* * * *" (Emphasis added.)

(E.D.Tenn.1958). However, notwithstanding privity between the parties, the legal issues to be resolved were not identical. The instant action is based solely upon the omnibus clause in the insurance policy and the allegation that Francis Delorme's operation of the Foy vehicle was within its terms. The jury verdict in the prior action did not resolve this issue.

The first suit predicated the allegation of Foy's liability on two premises. First, that Delorme was acting as the servant or agent of Foy at the time of the accident; and second, that Foy had permitted an unlicensed driver to operate his automobile in violation of a Vermont safety statute and that said violation was the proximate cause of the accident. While the use of an automobile in an agency context necessarily presupposes the "permissive" use thereof, the converse is not necessarily true. See American Fid. Co. v. North British & Mercantile Ins. Co., 124 Vt. 271, 204 A.2d 110 (1964). Thus, a finding that there was no agency relationship does not necessarily determine the absence of "permission" or consent.

The applicable rule is stated in 12 Couch, Cyclopedia of Insurance Law, § 45:305 (2d Ed. 1964), as follows:

"In order for the operator to be an additional insured within an omnibus clause, it is not necessary that there be a relationship of master and servant between the owner and the operator; protection may be accorded independent contractors, the employees of an independent contractor, lessees, and an employer.

"In view of the omnibus clause, a policy insuring against liability when the insured's car is used for business and pleasure affords protection to a borrower while using the car for his own purposes with the insured's permission. Under such a policy liability is not limited to cases in which the car is being used for the business or pleasure of the owner."

While the Court's instructions on the agency issue [3] in the first trial did include reference to the elements of permissive use, they so commingled "agency" and "permission," [4] that it would invite rash speculation and conjecture to conclude that the verdict resolved the "permissive use" issue. The complexity of the issues is further emphasized by the Court's including in the charge reference to a statutory prohibition against an owner "knowingly permitting" any person to operate his vehicle who had no legal right to do so.[5] Delorme, because of his youth-

---

3. The Court instructed the jury on agency as follows:
"* * * (T)hen you come to a third issue, was the defendant, Francis Delorme, when driving the Foy car at the time of the accident, in a sense, an agent of Foy, and acting within the scope of this authority" (Tr. 211).
"* * * Francis Delorme was driving a Ford car owned by Mr. Foy on that tragic night. Thus, the plaintiff has established a prima facie case that Francis Delorme was then driving as his agent and acting within the scope of the authority" (Tr. 221).

4. "If you further find that at the time of the accident Francis Delorme was driving with Foy's permission, express or implied, and within the scope of his authority, then you may bring in a verdict against both defendants * * *" (Tr. 224).

5. Vt.Stat.Ann. tit. 23, § 607 provides:
"A junior operator's license shall be is-

sued only to persons who are sixteen and seventeen years of age. An applicant for a junior operator's license shall not be given a license unless the parent or guardian of, or a person standing in loco parentis to, such applicant files with the Commissioner a written consent thereto."
Vt.Stat.Ann. tit. § 606 provides:
"An operator's license shall not be issued to any person under eighteen years of age."
Vt.Stat.Ann. tit. 23, § 1007 provides in part:
"A person shall not knowingly permit a motor vehicle owned by him or under his control to be operated by a person who has no legal right to do so, or in violation of the provision of this title. A person who violates a provision of this section shall be fined not more than $100.00, or imprisoned not more than thirty days, or both."

ful age, was by statute an unauthorized person to be operating a vehicle on the public highway under any circumstances. The jury was charged and permitted to consider that if Foy knowingly gave him permission to operate he could be liable.

 Vermont law holds that the violation of a highway safety statute may be considered as prima facie evidence of negligence. Campbell v. Beede, 124 Vt. 434, 207 A.2d 236 (1965). While the violation of such a law is not conclusive evidence of negligence, it is the jury's function to determine the existence of a violation and if so, whether it was the proximate cause of the accident. Ibid.; Rule v. Johnson, 104 Vt. 486, 162 A. 383 (1932). Viewing the prior verdict as narrowly as possible, we think it foreclosed only the questions whether Delorme was Foy's agent at the time of the accident and whether Foy's earlier violation of the statute was the proximate cause of the accident. It did not necessarily include a specific finding that the defendant Foy gave no permission to Delorme to use the vehicle. Thus, the issue decided in the prior judgment was not identical with that in this case and the doctrine of *res judicata* or estoppel by verdict cannot apply.

██ In its order of December 16, 1964, the District Court did find, however, that even if the plaintiff was not estopped by the prior verdict, there remained no genuine issue of fact in dispute to be tried; and this conclusion was reached notwithstanding the principles of law laid down by the Vermont Court in American Fid. Co. v. North British & Mercantile Ins. Co., supra, decided after the first trial. At the hearing on the summary judgment motion, the Court relied upon a copy of the trial transcript in Civil Action No. 2857 and a copy of the insurance policy contract.

" * * * (A) certified transcript of a court record is better evidence of its contents than an affidavit with regard thereto * * *." Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir. 1949). See, 6 Moore, Federal Practice, Par. 56.02 (11) at 2046–47 (2d Ed. 1965).

"Certified testimony complying with Rule 56(e), Federal Rules of Civil Procedure, 28 U.S.C.A. has the same evidentiary value and safeguards as affidavits provided for in Rule 56(e), supra, which do not afford an opportunity for cross-examination." Steven v. Roscoe Turner Aeronautical Corp., 324 F.2d 157, 162 (7th Cir. 1963).

The absence of the testimony of the car owner who died before the first trial, and the void of any declarations or memoranda made by him, completely eliminated from the record what should have been the most reliable source of objective evidence to explain the circumstances of the driver's possession at the time of the accident. The latter's memory was impaired, because of injuries suffered in the accident and he claimed to recall events only through the early part of the evening. His best recollection was that after the windshield wiper had been repaired, the car required no testing and he returned the vehicle to the owner at the latter's home; the owner then drove him back to the filling station and dropped him off. He did not know how he came into possession of the vehicle or the circumstances of his operating that evening. His employer, the filling station proprietor, testified that he had only authorized him to back it out of the garage. Mrs. Foy, the wife of the car owner testified that her husband had returned home that afternoon about 4:30 P.M. and remained there continuously throughout the evening.

██ In reviewing the District Court's action in granting summary judgment to the defendant, this Court must consider the evidence in the light most favorable to the plaintiff. United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The trial record, in the absence of plaintiff's offering any counter-affidavits or claims at the District Court's summary judgment hearing on the permission issue or in argument on appeal, is accepted as factually complete.

 This Court recognizes the state statutory presumption in Vermont, that

proof that an automobile involved in an accident was owned by the defendant at the time, makes it a prima facie case that the operator was engaged in the defendant's services and operating with his permission. Even if the Court assumes that Mr. Foy permitted Delorme to drive the car to the filling station for the windshield wiper repairs in the original instance, there is no further express authorization in the record. However, even though an implied permission were to be inferred, to permit the return of the car to Mr. Foy's home, there is no evidence which would authorize Delorme to go for a joy-ride on his own, up Mendon Mountain Road approximately five miles from the filling station over a route not normally followed to return the car to Foy; particularly, when the Foy house was only a couple of blocks or .2 of a mile from the filling station.

Though Vermont has adopted a reasonably broad view of the word "permission" in the omnibus clause of insurance policies, we are compelled to conclude, in light of this evidence and the prior verdict, that Delorme's use at the time of the accident had not been permitted by the named insured.

"\* \* \* (T)he actual use was so far afield from the purpose of the loan of the vehicle as to amount to, at best, a temporary tortious conversion \* \*" American Fid. Co. v. North British & Mercantile Ins. Co., supra. See, Rainville v. Farm Bureau Mut. Auto Ins. Co., 117 Vt. 37, 39–40, 83 A.2d 599 (1951).

The District Court's granting of summary judgment on the complaint is affirmed, as being inevitable upon the record, as a matter of law.

HAYS, Circuit Judge (dissenting):

In American Fidelity Co. v. North British & Mercantile Ins. Co., 124 Vt. 271, 204 A.2d 110 (1964), the car was entrusted by the owner of a sales agency to one of his salesmen to be demonstrated to a prospective customer. The accident occurred while the salesman was using it to drive away from the ordinary route to get ice cream for two little girls. In holding the accident to be covered by the omnibus clause in the insurance policy, the court said:

"[W]ith a showing that the vehicle was placed in the hands of the operator by consent, a presumption arises that the particular use to which the vehicle was being put was within the scope of that consent as measured by the law. The overcoming of this presumption requires evidence establishing that consent had been expressly withdrawn prior to the actual use, or that the actual use was so far afield from the purpose of the loan of the vehicle as to amount to, at best, a temporary tortious conversion \* \* \*."

In the light of this case, I do not see how it can be said that as a matter of law there was a "tortious conversion."