## American Fidelity Company

### v.

### Clayton H. Elkins, Michael James Elkins, Harry Francis Marden and Edward S. Montgomery

[215 A.2d 516]

October Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed December 7, 1965

*A. Pearley Feen* for plaintiff.

*Myron Samuelson* and *Samuel S. Bloomberg* for defendants.

**Shangraw, J.** This matter came on for hearing before the Court of Chancery, Franklin County, on plaintiff's petition for a declaratory judgment. The case presents a question of coverage under the omnibus clause of an automobile liability insurance policy issued by the plaintiff to the defendant Clayton H. Elkins.

The named insured in the policy is the defendant Clayton H. Elkins. The policy provided that the unqualified word "insured" as used therein would include the named insured and also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the "actual use thereof is with the permission of the named insured."

The defendant Michael James Elkins borrowed the insured automobile from his father, Clayton H. Elkins, at about 7:00 p.m. on June 16, 1960, to go to a graduation dance in Enosburg Falls, Vermont. Sometime during the evening of June 16, 1960, or in the early morning of June 17, 1960, Michael permitted defendant Harry Francis Marden to borrow his father's automobile. At about 2:00 a.m. on June 17, 1960, Marden, as operator, was involved in a one-car accident while driving the automobile in Richford, Vermont. Michael was not in the car at the time of the accident. Defendant Edward S. Montgomery, Jr. a passenger in the automobile was injured.

Mr. Montgomery commenced a civil action against the defendants Clayton H. Elkins, Michael James Elkins and Harry Francis Marden in Franklin County Court in which Montgomery seeks to recover for personal injuries sustained by him in the accident. The prosecution of the action was enjoined pending final determination of the rights and obligations of the parties as prayed for in this petition for a declaratory judgment.

A hearing on this petition was held by the Chancellor. Findings of fact were filed. A judgment order was issued adjudging that the policy did not provide coverage against the claims for damages asserted in the civil action brought by Montgomery against the remaining defendants, and that the plaintiff was not obligated under the policy to defend the civil action. Mr. Montgomery has appealed from the judgment order and decree.

Following are the critical and unchallenged findings on the issue of insurance coverage:

"12. Clayton H. Elkins did not know that Harry Francis Marden was driving his car; nor had he given any permission to Harry Francis Marden to drive his car.

13. Prior to June 16, 1960, Clayton H. Elkins had instructed his son, Michael, not to let anyone else drive his car.

14. At the time of the accident, the car owned by Clayton H. Elkins was being driven by Harry Francis Marden and this actual use of the car at the time and place of the accident was not with the permission of the named insured, Clayton H. Elkins.

15. Policy No. ACF15-86-06, issued by the Plaintiff to the Defendant Clayton H. Elkins, affords no coverage for the personal injuries and medical expenses sustained as a result of the above described accident by Edward S. Montgomery, Jr."

■ Certain basic principles underlie construction of insurance contracts. They are, wherever possible, to be liberally construed in favor of the policyholder or beneficiary and strictly construed against the insurer in order to afford the protection which the insured sought in applying for insurance. Equivocation and uncertainty are to be resolved in favor of the insured and against the insurer. *Troy* v. *American Fidelity Co.*, 120 Vt. 410, 417, 143 A.2d 469; *Capece* v. *Allstate Insurance Company*, 88 N.J. Super 535, 212 A.2d 863.

It is equally well settled that contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are plain and unambiguous, their terms are to be taken in their plain, ordinary and popular sense. *Abraham* v. *Insurance Company of North America*, 117 Vt. 75, 80, 84 A.2d 670, 29 A.L.R. 783; *Troy* v. *American Fidelity Co.*, supra, p. 418. It is the duty of the courts to construe contracts, not to make them for the parties. *Johnson* v. *Hardware Mutual Casualty Co.*, 108 Vt. 269, 277, 187 Atl. 788.

■ The exclusionary clause in the policy in question was for the purpose of delimiting and restricting coverage. Policies which specifically and unambiguously exclude coverage are effective to preclude the insurer's liability. *Allen* v. *Berkshire Mutual Fire Ins. Co.*, 105 Vt. 471, 475, 168 Atl. 698, 89 A.L.R. 460, and cases cited.

The burden was on the defendant, Clayton H. Elkins, who claimed a limitation of the use of the automobile by his son, to demonstrate the establishment of such condition. *American Fidelity Company* v. *North British & Mercantile Insurance Co., Ltd., et al*, 124 Vt. 271, 275, 204 A.2d 110; *Reynolds* v. *John Hancock Life Ins. Co.*, 117 Vt. 541, 545, 97 A.2d 121.

We held in *American Fidelity Company* v. *North British & Mercantile Insurance Co., Ltd.*, supra, at page 275, that ". . . with a showing that the vehicle was placed in the hands of the operator by consent, a presumption arises that the particular use to which the vehicle was being put was within the scope of that consent as measured by the law. The overcoming of this presumption requires evidence establishing that consent had been expressly withdrawn prior to the actual use, or that the actual use was so far afield from the purpose of the loan of the vehicle as to amount to, at best, a temporary tortious conversion, as described in *Railville* v. *Farm Bureau*, 117 Vt. 37, 39-40, 83 A.2d 599."

In the present case the findings unequivocally demonstrate that Clayton H. Elkins expressly forbade his son Michael to allow others to use his insured automobile. The evidence and findings repels the presumption that the use of the automobile by Marden was with the consent of Clayton H. Elkins. There appears no conduct on the part of the father that can be interpreted as a grant of authority to allow Marden to use it, and no room for a finding of implied authority. There is no way to hold that Marden was using the automobile "with the permission of the named insured" short of ignoring the meaning of those words. This we cannot do.

*Judgment affirmed.*