(564 P 2d 574)
No. 48,282

ALLIS M. JONES, *Appellee,* v. DAVID J. SMITH, *Defendant,* and WESTERN CASUALTY AND SURETY COMPANY, *Garnishee-Appellant.*
Petition for review denied July 11, 1977.

Opinion filed May 20, 1977.

*John F. Hayes* of Gilliland, Hayes & Goering, of Hutchinson, and *Richard C. Hite* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for the appellant.

*Michael R. O'Neal* and *Kenneth E. Peirce* of Hodge, Reynolds, Smith, Peirce & Forker, of Hutchinson, for the appellee.

Before HARMAN, C.J., REES and SWINEHART, JJ.

SWINEHART, J.: This appeal is taken from a garnishment proceeding wherein judgment was rendered against the garnishee insurance company for $50,000 and costs. The garnishee appeals.

The principal characters of this case are:

(a) Allis M. Jones, appellee, plaintiff, injured party;
(b) David J. Smith, defendant, tortfeasor;
(c) Western Casualty and Surety Company (Western), garnishee, appellant, insurer;
(d) Sandra Sue Keller, girl friend of Smith, daughter of V. E. Keller, co-title owner of vehicle; and
(e) V. E. Keller, father of Sandra, co-title owner of vehicle, the insured.

Suit was originally commenced by Allis M. Jones against David J. Smith, driver of an automobile which struck Jones. A default judgment was entered against the defendant, Smith, for actual damages in the amount of $50,000. (This default judgment was rendered one day after settlement of plaintiff's uninsured motor-

ist claim against her own insurance company.) Eventually, and after plaintiff was unable to obtain satisfaction on the judgment from Smith, garnishment proceedings were instituted against Western.

Plaintiff contends that the defendant Smith was entitled to the coverage of a policy of automobile liability insurance issued by Western to V. E. Keller as named insured. Western denied coverage on the basis that Smith did not have permission of the named insured to use the automobile in question at the time of the accident. The trial court found that Smith had the implied permission of the named insured to use the automobile, and, accordingly, entered judgment against Western.

Western appeals on two grounds: (1) that the evidence is insufficient to support a finding that the defendant Smith had implied permission of the named insured to use the automobile, and (2) that the doctrine of election of remedies barred the appellee from basing this action on the theory that Smith was insured when appellee had previously accepted uninsured motorist benefits from her own insurer.

The accident which injured appellee occurred on April 15, 1972, at the intersection of First and Main Streets in Hutchinson, Kansas. The defendant Smith was driving a 1971 Chevelle automobile which was titled in the name of Sandra Keller and V. E. Keller, her father. Western had issued a policy of automobile liability insurance on the subject car to V. E. Keller on January 29, 1969.

The evidence indicated that Sandra Keller, 20 years of age at the time of the accident, was dating the defendant Smith, and had dated him for several months prior to the date of the accident. Her father, V. E. Keller, was aware that Sandra was dating defendant Smith, but was not aware that Sandra was permitting Smith to use the automobile, except for two prior occasions. The evidence also indicated that Mr. Keller had told Sandra not to let anyone else drive the car, and after discovering that Sandra had permitted Smith to use the vehicle on two prior occasions, had particularly instructed Sandra not to permit the defendant Smith to drive the car. The facts further indicated that Sandra had the exclusive use of the subject automobile; that she paid for the automobile; that she paid for the insurance on the automobile; and that, though she lived at home with her parents, she basically exercised the rights of majority.

Testimony from Mr. Keller indicated that he had discussed with Reuben Miller, his insurance agent, how the insurance on said automobile should be obtained, and it was decided between them that it would be less expensive to carry said automobile on the policy of V. E. Keller than to have Sandra purchase an individual insurance policy on said automobile in her own name.

As previously indicated, this accident occurred April 15, 1972. On the 9th day of December, 1973, appellee made a proof of claim to the Farm Bureau Insurance Company, Inc., her insurance company, for recovery of her losses under the uninsured motorist endorsement coverage of her policy of insurance. Under the provisions of that policy, she recovered the sum of approximately $2,000.

On May 10, 1973, appellee filed suit against the defendant Smith, and a default judgment was obtained against him on December 10, 1973, in the amount of $50,000. Garnishment proceedings were commenced in February of 1974 against Western and Western answered the same month. Evidence was presented and judgment entered in favor of appellee against Western on October 13, 1975, "for the amount of its indebtedness under policy No. H-3464052 and costs."

We will first consider Western's contention that appellee is barred in her garnishment action against Western by reason of the doctrine of election of remedies.

It is appellant's contention that the two methods of recovery by appellee are inconsistent, and therefore, by reason of the fact that she recovered through her own policy of insurance under the *uninsured* motorist provision, that she is now barred from proceeding to recover from appellant on a theory that Smith was *insured.*

Appellant has cited several Kansas cases dealing with the doctrine of election of remedies: *Ondrasek v. Ondrasek,* 172 Kan. 100, 238 P. 2d 535; *Taylor v. Robertson Petroleum Co.,* 156 Kan. 822, 137 P. 2d 150; and *Lehigh, Inc. v. Stevens,* 205 Kan. 103, 468 P. 2d 177. We have reviewed these cases and are in complete accord with the rulings of law set forth therein. However, said cases do not have an application to the case at hand. The actions taken by appellee are not inconsistent, and therefore, are not subject to the doctrine of election of remedies. Appellee made a

claim on her insurance carrier under the contractual provisions of said policy for uninsured motorist coverage. She gave subrogation rights to said insurer for the monies she received under the provisions of her policy. Also, at the time she filed her uninsured motorist claim, appellee was without absolute knowledge as to whether defendant Smith was in fact an insured or an uninsured motorist.

The Supreme Court of Kansas has previously addressed itself to the present situation in the case of *Southard v. Lira*, 212 Kan. 763, 512 P. 2d 409, where the court laid down the following rule:

"The fact that an insured, for a stated consideration, executes to his insurance carrier a release of liability for bodily injury under the terms of the uninsured motorist provision of his policy does not preclude the insured from maintaining an action against the party negligently causing his injuries. Nor are payments made by an insurance carrier under uninsured motorist coverage, payments which a tort-feasor can utilize to diminish the amount of his liability to the injured party." (Syl. 6)

We find this language controlling. The mere fact that appellee obtained uninsured benefits from her own insurance company does not prevent her from maintaining a cause of action against the tortfeasor. The doctrine of election of remedies has absolutely no application in such a situation. The only drawback is that, in the event appellee recovers from the lawsuit, she must subrogate her insurance company from the proceeds.

We therefore conclude that Western's argument based on the doctrine of election of remedies lacks merit.

Western also maintains that the trial court erred in finding that the defendant Smith was a permissive user of the automobile that he was driving at the time of the accident, within the meaning of the insurance policy issued by Western. The lower court, in its memorandum decision, found that defendant had V. E. Keller's implied permission to use the 1971 Chevelle at the time of the accident. Based on this finding, the court concluded that defendant was a "permissive user" of said automobile, within the meaning of the omnibus clause of Western's policy.

At the time of this particular accident, V. E. Keller was the co-title owner of the 1971 Chevelle and was also the named insured on appellant's policy covering said vehicle. Said policy of insurance contained a clause defining an insured, the so-called "omnibus clause," which provided:

"With respect to the insurance under coverages A and B, the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or spouse or with the permission of either."

The testimony in this case indicates that the insured's daughter actually bought the car, was responsible for its maintenance and had exclusive control and use thereof. She was self-supporting in most respects. When the car was originally purchased, her father advised her not to permit other persons to drive her car, and had specifically on at least one occasion advised her not to permit the defendant Smith to drive the car. When the insurance was originally procured by Mr. Keller, in his discussion with the appellant's insurance agent, the matter of the economics of carrying the car on his policy was discussed, and after such discussion, it was decided that, economically speaking, it would be better for the car to be listed as the car of V. E. Keller on his own insurance policy. The evidence further disclosed that the defendant Smith, prior to the admonition of Mr. Keller to his daughter, had driven the car at various times for several months, and he continued to drive the car on a regular basis and with the daughter's permission subsequent to Mr. Keller's said admonition. The evidence also indicates that the father, at the time of the accident, had no actual knowledge that the defendant Smith was driving the car.

In *Alliance Mutual Cas. Co. v. Hartford Accident & Indemnity Co.*, 210 Kan. 769, 504 P. 2d 161, the supreme court commented at page 773:

". . . This court follows the general rule that the permission referred to in the omnibus clause may be express or implied. It may be established by a showing of a course of conduct or relationship between the parties, which signifies acquiescence or consent of the insured. In addition, this court starts with the premise that an 'omnibus clause' for reasons of public policy, is to be liberally construed. (*Gibbs v. Central Surety & Ins. Corp.*, 163 Kan. 252, 260, 181 P. 2d 498; *National Farmers Union Property & Cas. Co. v. Farm Bureau Mutual Ins. Co.*, 194 Kan. 93, 397 P. 2d 81; *Maryland Cas. Co. v. American Family Insurance Group*, 199 Kan. 373, 429 P. 2d 931.)"

However, when the situation exists, such as here, where the named insured expressly prohibited the initial permittee from letting other persons use the car, the rule tightens up. Such a situation existed in *Gangel v. Benson*, 215 Kan. 118, 523 P. 2d 330, and the court announced the general rule:

" 'It has generally been held or recognized that a second permittee using the automobile solely for his own purposes is not entitled to protection under the omnibus clause where the named insured expressly prohibited the initial permittee from allowing other persons to use or operate the car.' " (p. 123-124.)

This general rule, however, has an exception when permission is implied. In this respect, *Gangel* continues, quoting from *Gillen v. Globe Indemnity Company,* 377 F. 2d 328:

" 'Perhaps as a consequence of the harshness of this approach, many courts, when given the opportunity, have been able to discover an implied consent from the named insured even in the face of express prohibitions against the loaning of the insured automobile. If the first permittee is actually in the car, or *the car is being used for the benefit of the first permittee* or of the named insured, or if *the first permittee has an equivalent of equitable title* and has *unfettered control over the daily use of the car* outside of the surveillance of the named insured, or if *the named insured is aware of past violations of instructions but allows the permittee to retain possession,* or when an emergency arises, regardless of the express prohibitions against third party use, many courts will imply a consent on the part of the named insured for the third party's use. See, State Farm Mutual Automobile Insurance Company v. Williamson, 331 F. 2d 517 (9 Cir. 1964); Allstate Insurance Company v. Fidelity & Casualty Company, 73 N. J. Super. 407, 180 A. 2d 168 (1962); Pollard v. Safeco Insurance Company, 52 Tenn. App. 583, 376 S. W. 2d 730 (1963); Brooks v. Delta Fire & Casualty Company, 82 So. 2d 55 (La. App., 1955).' " (p. 124-125.) (Emphasis supplied.)

In this case it appears that the first permittee, Sandra Keller, was exercising unfettered control over the daily use of the car outside of the surveillance of the named insured; that the named insured was aware of the past violations of his instructions, yet had permitted the permittee to retain possession; that Sandra was co-owner of the vehicle; and there was evidence indicating that the defendant Smith was using the car for the benefit of Sandra when the accident occurred.

Upon hearing this type of evidence, the court below found that the defendant Smith was driving the automobile with the implied consent and permission of Mr. Keller, the insured. On appellate review, this court accepts as true the evidence and all inferences to be drawn therefrom which supports or tends to support the findings of the trial court, and disregards any conflicting evidence or other inferences which might be drawn therefrom. Here, Western is attacking the findings of the trial court for insufficiency of evidence or as being contrary to the evidence. Our function as an appellate court begins and ends with a determina-

tion of whether there is evidence to support such findings, and if such is present, then the trial court's decision will not be disturbed on appeal. (*Farmers State Bank of Ingalls v. Conrardy*, 215 Kan. 334, Syl. 1, 524 P. 2d 690; *Highland Lumber Co., Inc. v. Knudson*, 219 Kan. 366, 548 P. 2d 719.) The trial court's findings of fact and conclusions of law that there existed implied consent by the insured are supported by substantial, competent evidence, and we therefore affirm that decision.

Judgment affirmed.