## Jill NORMAN and The Travelers Companies v. Michael KING, State Farm Mutual Insurance Co., Richard Dodge and Lori Dodge

[659 A.2d 1123]

No. 94-090

March 21, 1995. The Travelers Companies appeals from a decision of the Chittenden Superior Court denying its attempt to seek reimbursement from State Farm Insurance Co. for uninsured motorists (UM) benefits paid to Jill Norman. We affirm.

The benefits were paid by Travelers to compensate Jill Norman for injuries she received in an accident while riding as a passenger in a car driven by Michael King. The car, owned by Richard Dodge, was insured under an automobile liability policy issued by State Farm. Dodge gave his daughter, Lori Dodge, permission to use the car with the express restriction that she not let anyone else drive it. On the night of the accident, Lori drove the car to the Essex Reservoir where she met some friends. While there, Lori joined a friend in another vehicle, but before doing so, she gave the keys to her father's car to Michael King. She told him he could drive it around the Reservoir. The accident occurred on a public highway away from the Reservoir and caused injuries to Jill Norman, who was a passenger in the Dodge car.

At the time of the accident, Jill Norman's parents held an automobile policy issued by Travelers, which paid UM benefits to Jill Norman after State Farm denied coverage under its policy. Travelers thereafter commenced this action pursuant to 23 V.S.A. § 941(e) to

recover the monies that it paid under its UM coverage.* The trial court granted summary judgment for State Farm, concluding that there was no coverage for Michael King or Jill Norman under State Farm's policy. Plaintiff appeals on the grounds that under either Vermont's Financial Responsibility and Insurance Law, 23 V.S.A. §§ 800-810, or Vermont's Mandatory Uninsured Motorists statute, 23 V.S.A. § 941, defendant's liability section cannot effectively exclude coverage.

The omnibus clause in the State Farm policy defines an insured as "any other person while using such a car if its use is within the scope of consent of you or your spouse." This Court previously upheld the enforceability of such a clause in *American Fidelity Co. v. Elkins*, 125 Vt. 313, 315, 215 A.2d 516, 518 (1965). There, as here, a parent had already instructed his son not to allow anyone else to drive his car, and the parent did not know that anyone else was driving the car. In affirming judgment for the insurer, this Court said, "The exclusionary clause in the policy ... was for the purpose of delimiting and restricting coverage. Policies which specifically and unambiguously exclude coverage are effective to preclude the insurer's liability." *Id.* at 315, 215 A.2d at 518.

Travelers contends that *Elkins* is not controlling for two reasons. First, it contends the later enactment of Vermont's Financial Responsibility and Insurance Law requires a different outcome. That act, codified in 23 V.S.A. § 800, provides in part:

(a) No owner or operator of a motor vehicle required to be licensed shall operate or permit

the operation of the vehicle upon the highways of the state without having in effect an automobile liability policy or bond in the amounts of at least $20,000.00 for one person and $40,000.00 for two or more persons killed or injured .... In lieu thereof, evidence of self-insurance in the amount of $100,000.00 must be filed with the commissioner of motor vehicles....

Plaintiff's reliance on § 800(a) is misplaced. The provision is directed to owners and operators, not insurance companies. See *Shelter Mut. Ins. Co. v. Littlejim*, 927 F.2d 1132, 1134 (10th Cir. 1991) (statute requiring owners to insure their vehicles does not operate to require an insurance company to provide coverage outside the terms of its policy). Moreover, it does not purport to prohibit the issuance of a policy of insurance limiting coverage to consented use.

Travelers further argues that *Elkins* is not controlling because Richard Dodge knew that on an earlier occasion his daughter had allowed her boyfriend to drive the car. The father's affidavit states that upon learning of the incident he became upset and had a discussion with his daughter in which he strongly emphasized that she was not to allow her boyfriend or anyone else to drive his cars. The daughter's affidavit confirms that after the father found out about the incident involving the boyfriend, she was told in no uncertain terms that she was never to let anyone else use any of her father's cars.

Travelers relies upon *Jones v. Smith*, 564 P.2d 574 (Kan. Ct. App. 1977), for the proposition that a father's knowledge that his express prohibition against others driving his car had been violated, together with his continuing to permit his daughter to use the car, gives rise to an inference that the daughter's boyfriend was driving with the father's implied con-

---

* 23 V.S.A. § 941(e) provides that the insurer may recover the amount that it paid from the proceeds of any settlement or recovery from any person legally responsible for the damages.

sent. In *Jones*, the daughter was the co-owner of the vehicle, had exclusive control and use of the vehicle for her own benefit, and was responsible for the car's maintenance at the time of the accident. The father, with the advice of the insurance agent, had listed the vehicle as his. All of these factors contributed to the *Jones* holding that there was an implied consent. See *id.* at 579; see also *Perkins v. McDow*, 615 So. 2d 312, 317 (La. 1993) (where insured vehicle used almost exclusively by named insured's son and it was understood by son and parents that it was son's car, parents' general admonition that he be careful and not let anyone else drive car deemed precatory).

The present case is distinguishable on its facts from *Jones* and therefore dictates a different outcome. Richard Dodge owned the vehicle involved in the accident. His daughter had permission to use it, but shared its use with others in the family. The restriction against letting others drive the vehicle was far from precatory; it was a clear command against such use. The facts here are virtually identical to those in *Motorists Mut. Ins. Cos. v. Great Lakes Lab., Inc.*, 687 F. Supp. 198, 199 (W.D. Pa. 1988), where a father instructed his son not to allow anyone else to drive his vehicle, and admonished his son for a second time upon learning that son had allowed such use. The court recognized that permissive use might be implied from a course of conduct in which the parties acquiesced, but that the one isolated instance of loaning out the car in violation of instructions did not amount to acquiescence in the use by anyone else. *Id.* at 200-01. Here, also, the one violation followed by the clear and unmistakable command precludes a finding of implied consent.

Travelers next argues that if liability coverage is not extended to Michael King under State Farm's policy, Jill Norman is entitled to recover under the UM coverage of State Farm's policy. Again, Travelers is confronted with policy language that denies such coverage. Under the UM section of the State Farm policy, coverage is afforded to an insured, who is defined as "any other person while occupying your car," provided such car is being "used within the scope of the consent of you or your spouse." Travelers argues that conditioning coverage on the consent of the use by the named insured is contrary to Vermont's Uninsured Motorists statute, which provides:

(a) No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle may be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein, or supplemental thereto, *for the protection of persons insured thereunder* who are legally entitled to recover damages, from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, and for property damages resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle. . . .

23 V.S.A. § 941(a) (emphasis added). The plain language of the statute requires coverage only for the protection of persons insured under the policy. If the Legislature intended § 941(a) to provide broader coverage, it would have substituted the phrase "for the protection of persons occupying said motor vehicle" in place of "for the protection of persons insured thereunder."

While uninsured coverage is mandated by the statute and coverage which is mandated may not be reduced or eliminated by policy provisions, those protec-

tions extend only to those insured under the policy. See *Farmers Ins. Co. v. Schiller*, 597 P.2d 238, 243 (Kan. 1979). The statute was not enacted to provide coverage for everyone contained in the policy, and limiting coverage to passengers falling within the policy's definition of "insured" is not barred by the statute. See *id.* at 243; *Erie Ins. Exchange v. Reliance Ins. Co.*, 493 A.2d 405, 408 (Md. Ct. Spec. App. 1985). Because Michael King used the vehicle without the consent of Richard Dodge, Jill Norman is not an insured entitled to UM coverage under State Farm's policy.

*Affirmed.*