Marian R. CANEDY, Plaintiff–Appellee,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellant.

No. 1333, Docket 96–9167.

United States Court of Appeals, Second Circuit.

Decided Sept. 17, 1997.

Daniel L. Burchard, Burlington, VT (McCormick, Fitzpatrick, Kasper & Burchard, P.C., Burlington, VT, of counsel), for Defendant–Appellant.

D. Patrick Winburn, Manchester, VT (Winburn & Ameden, Manchester, VT, of counsel), for Plaintiff–Appellee.

Before: WINTER, Chief Judge,
CARDAMONE, Circuit Judge, and
HAIGHT,* District Judge

CARDAMONE, Circuit Judge

Defendant Liberty Mutual Insurance Company (Liberty) appeals from a final judgment of the United States District Court for the District of Vermont (Murtha, C.J.), entered after a jury trial, awarding $2,376,584.84 to plaintiff Marian Canedy, a rental car customer who was struck and injured by an underinsured motorist while walking across a street in Manchester, Vermont.

Liberty's appeal principally challenges a May 1994 order that preceded the final judgment in which the district court (Billings, J.) ruled that plaintiff's election of liability coverage under her rental car contract entitled her to claim the status of a "named insured" under the business auto insurance policy issued by Liberty to the rental car company. Liberty had moved for summary judgment dismissing plaintiff's complaint on the ground that plaintiff was not an "insured" under the terms of the liability policy and the Vermont Underinsured Motorist (UIM) statute did not require Liberty to provide plaintiff with coverage.

## BACKGROUND

The following facts are not in dispute. On June 30, 1991 plaintiff Marian Canedy drove her rental car to the shopping district in Manchester, Vermont and parked outside an outlet store. After finishing her shopping at the store, plaintiff decided to cross the road to buy a cup of coffee. While walking across the street, she was struck and badly injured by an automobile driven by Arlene Litwack, an underinsured motorist.

After collecting the $100,000 limit of Ms. Litwack's liability policy, plaintiff presented a claim for underinsured motorist benefits to Liberty under the business auto coverage policy Liberty had issued to Morrison Sales & Service d/b/a Target Rent–A–Car (Morrison), the company that had provided plaintiff with her rented vehicle. Liberty denied the claim primarily on the basis that plaintiff did not qualify as an additional insured under the policy because she was not using or occupying the car at the time of the accident.

Upon receiving notice that her claim was denied, plaintiff commenced this diversity action in the United States District Court for the District of Vermont, seeking recovery under the Liberty Mutual policy. After the defendant answered the complaint, both parties moved for summary judgment on the issue of coverage. The district court (Billings, J.), citing *Moon v. Guarantee Ins. Co.*, 764 P.2d 1331 (Okl.1988), held that even if plaintiff was not a "named insured" under the terms of the Liberty Mutual policy, she should nonetheless be deemed to have such status because she opted for liability coverage under the rental car contract. Because Vermont law requires persons insured under a liability policy be given portable UIM coverage, *see Monteith v. Jefferson Ins. Co.*, 159 Vt. 378, 618 A.2d 488, 490 (1992), the district court judge reasoned that plaintiff had insurance coverage regardless of whether she was using or occupying the vehicle at the time of the accident. It therefore granted partial summary judgment in plaintiff's favor on the issue of coverage. The case eventually proceeded to a jury trial before Chief Judge Murtha on the liability and damages issues. The jury returned a verdict in plaintiff's favor in the amount of $2,376,584.84.

From this verdict and the resulting judgment Liberty appeals. We reverse.

## ANALYSIS

### I Diversity Jurisdiction

Before addressing the merits, we consider *sua sponte* whether the district court had jurisdiction over the subject matter of this case. Plaintiff brought suit under 28 U.S.C. § 1332 alleging as her sole jurisdic-

---

* Hon. Charles S. Haight, Jr., Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

tional basis the parties' diversity of citizenship. Although it is well-established that allegations of residency alone cannot establish citizenship, *see, e.g., Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.,* 87 F.3d 44, 47 (2d Cir.1996), plaintiff's complaint merely alleges that she is a "resident" of Virginia. Similarly, while a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business, *see* 28 U.S.C. § 1332(c), the complaint informs us only that the defendant's principal place of business is Massachusetts. The plaintiff's complaint thus fails to comply with Fed.R.Civ.P. 8(a), which requires pleadings to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed.R.Civ.P. 8(a).

■ A failure to allege facts establishing jurisdiction need not prove fatal to a complaint. By statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653. Such amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds. Unless the record clearly indicates that the complaint could not be saved by any truthful amendment, *see, e.g., Baer v. United Servs. Auto. Ass'n,* 503 F.2d 393, 397 (2d Cir.1974), we generally afford an opportunity for amendment.

Here, after oral argument, we asked the parties to submit additional affidavits regarding the plaintiff's domicile and the defendant's state of incorporation. Having received those affidavits, we are now satisfied that the record, as supplemented, establishes that plaintiff is a citizen of Virginia, and defendant is a Massachusetts corporation with its principal place of business in Massachusetts. Because the facts stated in the affidavits are contested by neither party, and there is nothing in the record to suggest lack of jurisdiction, we deem the pleadings amended so as to properly allege diversity jurisdiction. *See Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399–400, 45 S.Ct. 521, 521–22, 69 L.Ed. 1014 (1925) (where record as whole shows jurisdiction, pleadings may be considered amended). With our doubts as to jurisdiction satisfactorily resolved, we turn to the merits.

## II  The Merits

Liberty's principal argument on appeal is that it was error to conclude it was required to provide plaintiff with UIM coverage. Defendant maintains that under the undisputed facts it was entitled to summary judgment in its favor because plaintiff was not an "insured" under the terms of the Liberty Mutual policy and the public policy behind Vermont's UIM statute does not require a contrary result. We address each of those points in turn.

### A.  *UIM Coverage Under the Policy*

■ The "Business Auto Coverage" policy that Liberty issued to Morrison identifies only two entities as the "named insured" thereunder: (i) Morrison and (ii) Target Rent–A–Car. Plaintiff's name does not appear on the policy. The policy provides both UIM and liability coverage, defining the term "an insured" differently for each type of coverage. For purposes of UIM coverage, "an insured" is defined as:

1. You [the named insured].
2. If you [the named insured] are an individual, any family member.
3. Anyone else occupying a covered auto . . . .
4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured.

As noted above, plaintiff is not listed as the named insured, and thus cannot recover under clause 1. Clause 2 is inapplicable because neither of the named insureds, Morrison and Target Rent–A–Car, is an individual. Nor can plaintiff claim inclusion in category 4 because no other insured is claimed to have suffered bodily injury. If plaintiff is to be covered under the terms of Morrison's business auto policy, therefore, she must show that she was "occupying a covered auto" at the time of the accident.

This she cannot do. The policy defines "occupying" as "in, upon, getting in, on, out or off." Under the undisputed facts, plaintiff was not in, upon, getting in, out or off the

rental car when the accident occurred—she was crossing the street to buy a cup of coffee. Indeed, she had left the vehicle some appreciable time before the accident occurred—enough time had elapsed for her to shop in an outlet store and purchase an item of clothing. Under such circumstances, plaintiff cannot successfully assert she was occupying the vehicle at the time of the accident. *See, e.g., Auto–Owners Ins. Co. v. Powell,* 757 F.Supp. 965, 971–72 (S.D.Ind. 1991), *aff'd,* 953 F.2d 646 (7th Cir.1992). In sum, plaintiff cannot show that she meets any of the definitions of "an insured" under the UIM section of the policy. Hence, by its terms, the policy excludes plaintiff from UIM coverage.

### B. *Does Vermont's UIM Statute Require a Different Result?*

Plaintiff maintains that even if she is not covered under the UIM provisions of the policy, the public policy behind Vermont's UIM statute nonetheless requires defendant to provide her with such coverage. The Vermont statute reads, in relevant part

> No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle may be delivered or issued for delivery in this state ... unless coverage is provided therein, or supplemental thereto, for the protection of persons insured thereunder who are legally entitled to recover damages, from owners or operators of uninsured, underinsured or hit-and-run vehicles.

23 V.S.A. § 941(a). As its text suggests, this statute requires every liability policy delivered or issued for delivery in Vermont to include UIM coverage for the protection of the "persons insured" under such liability policy. The statute's goal is to ensure that those drivers responsible enough to procure insurance coverage for accidents they themselves cause are protected against accidents caused by irresponsible individuals who fail to obtain adequate insurance. *Rhault v. Tsagarakos,* 361 F.Supp. 202, 205–06 (D.Vt. 1973). The statute provides coverage against such hazards in the insured's own policy and at the insured's own cost.

The Vermont Supreme Court has interpreted § 941(a) to require portable coverage. *Monteith,* 618 A.2d at 490. In other words, the UIM coverage mandated by statute must protect persons insured under the liability policy wherever they may be, and cannot require that the insureds be in an insured vehicle at the time of an accident in order to obtain UIM coverage. Policy provisions that purport to limit, reduce or eliminate the coverage mandated by statute will not be given effect. *Sanders v. St. Paul Mercury Ins. Co.,* 148 Vt. 496, 536 A.2d 914, 916 (1987).

Although the statute mandates portable coverage when it applies, it does not apply to everyone. The statute mandates protection only for "persons insured" under the liability policy, and it does not state who those persons must be. *See Norman v. King,* 163 Vt. 612, 659 A.2d 1123, 1125 (1995). The determination of who is to be "the insured" under a liability policy is left instead as a matter of contract to the discretion of the parties to that insurance contract. Unless a party can show that he or she is an insured under the liability policy, the UIM statute does not come into play. The practical effect of this rule is that while insurers may not deny portable UIM coverage to persons who are insured under the liability policy, they are free to do so with respect to those not occupying that status. *Id.* Thus, unless plaintiff can show that she falls within the definition of an "insured" under the liability policy, she is not protected by the UIM statute and her appeals to the public policy behind it must fail.

Plaintiff cannot make such showing. The liability coverage of Morrison's policy identifies the following persons as "insureds:"

 a. You [the named insured]

 b. Anyone else while using with your permission a covered auto you [the named insured] own, hire or borrow. . . .

 c. Anyone else who is not otherwise excluded under paragraph b above and is liable for the conduct of an insured.

The policy lists only Morrison and Target—not plaintiff—as named insureds under paragraph (a), and there is no claim that plaintiff falls within paragraphs (b) and (c). Coverage, accordingly, depends upon whether plaintiff can show that she was "using" the rental car at the time of the accident. Courts examining similar policy terms have adopted various definitions of "using" a motor vehicle. *See generally* 7 Am.Jur.2d *Automobile Insurance* § 129 (1980 & Supp. Apr. 1997) (collecting cases). We need not decide which definition the Vermont Supreme Court would adopt, however, for even under the most liberal definition of "using" a motor vehicle, plaintiff's trip across the street for a cup of coffee would not qualify.

■ Our analysis is not altered by the fact that the plaintiff requested liability coverage from her rental car company. Plaintiff cites *Moon v. Guarantee Ins. Co.*, 764 P.2d at 1335–36, for the proposition that a rental car customer who requests liability insurance from a rental car company must be considered the named insured under a liability policy issued to that rental car company. Plaintiff reasons that the rental contract is a policy of insurance, and that the plaintiff, as the named insured thereunder, must be afforded UIM coverage. Under plaintiff's analysis, her status as a named insured under the rental contract requires us to look to the policy behind 23 V.S.A. § 941(a) and deem her a named insured under the contract between Liberty and Morrison, even though that contract's terms excludes her from coverage. Relying on similar reasoning, the district court held that Liberty was required to provide coverage.

We are not persuaded by this analysis. First, we doubt that the rule in *Moon* can be squared with the principles underlying the Vermont Supreme Court's decision in *Norman v. King.* In *Norman,* the Court held that Vermont's UIM statute requires UIM coverage *only* for "persons insured" under the *terms* of the liability policy. 659 A.2d at 1125. The plaintiff's proposed rule, which asks us to require coverage for renters even when they are not within the liability policy's definition of "insured," conflicts with this principle.

Even if plaintiff were correct that a rental contract could be considered a liability policy for purposes of § 941(a), a question on which we express no opinion, the plaintiff must look to the issuer of that policy—the rental car company—for recovery. We see no basis in the insurance policy or in the language of or public policy behind § 941(a) upon which to require Liberty to answer for the rental car company's gratuitous promises.

Because plaintiff cannot show that she is an insured under the liability policy, the UIM statute affords her no protection. Because plaintiff is not covered under the terms of the UIM policy and, as a person not insured under the liability policy, cannot turn to the UIM statute for help, the defendant is entitled to summary judgment in its favor.

## CONCLUSION

For the foregoing reasons, we reverse the district court's grant of partial summary judgment to the plaintiff on the issue of coverage, vacate the final judgment entered against the defendant following the jury trial, and remand with instructions that judgment be entered for the defendant.