Tonya LUNGE, Administratrix of the Estate of Dean Marquis, Sr., Plaintiff,

v.

NATIONAL CASUALTY COMPANY, Defendant.

No. 2:96–CV–286.

United States District Court, D. Vermont.

Oct. 6, 1997.

Richard Irving Rubin, Rubin, Kidney, Myer & DeWolfe, Barre, VT, for Plaintiff.

Samuel Hoar, Jr., Dinse, Erdmann, Knapp & McAndrew, Burlington, VT, for Defendant.

## OPINION AND ORDER

SESSIONS, District Judge.

This matter is before the court on cross motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). National Casualty Company ("National Casualty") has filed a motion for summary judgment on its claim that Plaintiff Tonya Lunge's ("Lunge") decedent is not a family member of the "insured" under the terms of National Casualty's insurance policy, and is therefore ineligible for uninsured motorist benefits. Lunge has filed a cross-motion for summary judgment in her favor, stating that she is entitled to recover benefits on behalf of the estate of Dean A. Marquis Sr. under the terms of National Casualty's policy. For the reasons that follow, both National Casualty's and Lunge's motions for summary judgment are denied.

### FACTUAL BACKGROUND

The following facts are undisputed. Elaine Lussier ("Lussier") has been the Director of Finance and Administration at Washington County Mental Health Services, Inc. ("WCMHS") in Montpelier, Vermont for 15 years. She is one of three executives at WCMHS who have the unrestricted use of vehicles leased by WCMHS. In December, 1995, Lussier was driving a 1993 Chrysler Lebaron insured by National Casualty under the WCMHS corporate business auto policy. The car was garaged at her house, and because she had the unrestricted use of the car, she owned no other vehicle. Lussier's son, Dean A. Marquis, Sr. ("Marquis, Sr.") and her grandson, Dean Marquis, Jr. ("Marquis, Jr.") had both been living in her house continuously for six months when Marquis Sr. was killed while riding as a passenger in a friend's car. The friend, who was uninsured, was drunk and drove into the path of an oncoming car. Marquis, Sr. had no driver's license, and owned no vehicle or insurance of his own at the time of his death.

The Business Auto Coverage Form of the insurance contract issued by National Casualty to WCMHS provides in pertinent part:

1. WHO IS AN INSURED

 a. You for any covered "auto"

 b. Anyone else while using with your permission a covered "auto" you own, hire or borrow . . .

The words "You" and "your" in the policy are defined in the Business Auto Coverage Form as the "Named Insured" shown in the Declarations. The "Named Insured" is listed as Washington County Mental Health Services, Inc. Six cars are listed in the schedule

of autos, including the Chrysler Lebaron driven by Lussier. Lussier's name does not appear anywhere on the contract.

The Vermont Uninsured Motorists (UM) Coverage Form, which provides for uninsured motorist coverage in the policy, reads: [1]

> B. WHO IS AN INSURED
>
> 1. You
>
> 2. If you are an individual, any "family member"
>
> 3. Anyone else occupying a covered "auto" or a temporary substitute for a covered "auto".

In addition to the phrase "If you are an individual, any family member" contained in Paragraph B(2), the UM provision also contains other individual-oriented and family-oriented language. Section A contains the phrase "The damages must result from "bodily injury" sustained by the "insured". . . . Under Section C "EXCLUSIONS", the policy refers to 'any property contained in or struck by any vehicle owned by you or any 'family member' " . . . [2]

In an affidavit submitted to the Court, Lussier stated that she believed the insurance policy issued to WCMHS by National Casualty was as broad and as comprehensive as the liability and Uninsured Motorist coverage that would have been available to her had she owned and insured the Lebaron herself. She stated:

> I certainly did not believe that the automobile coverage available under the National Casualty Company Policy was less comprehensive than automobile insurance I could have purchased in my own name.

Lussier Affidavit at 2 (Paper 14).

National Casualty argues that the language in the policy is clear and unambiguous. Because the term "you" in Paragraph 1 of the Vermont UM Coverage Form refers to the "named insured", listed only as WCMHS, it argues that "you" is not an individual, and family member coverage in Paragraph B(2) does not apply. Lunge essentially has two arguments. First, she argues that the individual-oriented and family-oriented language throughout the UM endorsement renders the policy ambiguous and creates uncertainty about who constitutes "you" and the "insured" under the UM endorsement. Second, she claims that the limitation of UM coverage in section B(3) to "persons occupying a covered auto" runs afoul of the requirements of the Vermont Uninsured Motorist statute, and is inconsistent with Vermont law. National Casualty rejects this second argument, claiming that the statute only mandates coverage for "persons insured" under a policy.

*DISCUSSION*

A. *Diversity Jurisdiction*

■ Before addressing the merits, the Court considers whether diversity jurisdiction over the subject matter of the case has been properly established. Plaintiff brings suit under 28 U.S.C. § 1332 alleging as her sole jurisdictional basis the parties' diversity of citizenship. However, there is no statement in the complaint concerning the plaintiff's state of citizenship. Similarly, while a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal state of business,

---

1. The Vermont Uninsured Motorist Coverage Form provides at the top of the endorsement:

 THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

 For a covered "auto" licensed or principally garaged in Vermont, this endorsement modifies insurance provided under . . . the Business Auto Coverage Form.

2. These sections read in their entirety;

 A. COVERAGE
 1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury sustained by the insured", or "property damage" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".
 C. EXCLUSIONS
 This insurance does not apply to any of the following:
 4. Damage to:
 a. Any vehicle, or
 b. Any property contained in or struck by any vehicle owned by you or any "family member" which is not a covered "auto"

see 28 U.S.C. § 1332(c), the complaint informs us only that the defendant's principal place of business is Scottsdale, Arizona. The plaintiff's complaint thus fails to comply with Fed.R.Civ.P. 8(a), which requires pleadings to contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed.R.Civ.P. 8(a).

A failure to allege facts establishing jurisdiction need not prove fatal to a complaint. By statute, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653. The plaintiff will thus be given thirty days to amend her complaint to comply with Fed. R.Civ.P. 8(a). Failure to amend the complaint within that period will result in the dismissal of this action.

## B. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. CIV.. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552–53. The party opposing summary judgment may not rest on its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in its favor. *Id.* at 255, 106 S.Ct. at 2513 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970)).

## C. Vermont Uninsured Motorist Statute

The Court turns first to the Vermont Uninsured Motorist statute. Vermont law requires that any person who is an insured under the terms of an automobile liability policy must also be an insured for injuries or death caused by uninsured drivers. Section 941(a) of Title 23 of the Vermont Statutes Annotated provides:

> No policy insuring against liability arising out of the ownership, maintenance, or use of any motor vehicle may be . . . issued . . . unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured . . . motor vehicles, for bodily injury, including death.

Vt. Stat. Ann. tit. 23, § 941(a) (1987).

The Vermont Supreme Court has interpreted the UM statute in a number of recent opinions. In *Monteith v. Jefferson Insurance Co.,* 159 Vt. 378, 618 A.2d 488 (1992), the Court emphasized the portability of UM coverage under the statute and prohibited restrictions placed upon that coverage by insurance contracts:

> The essence of UM coverage under § 941 is its portability. The statute does not allow insurers to condition coverage on the location of the insured nor the insured's status as a motorist, a passenger in a private or public vehicle, or as a pedestrian.

159 Vt. at 381, 618 A.2d at 491.

However, in *Norman v. King,* 163 Vt. 612, 659 A.2d 1123 (1995), the Court indicated that such unrestricted UM coverage was applicable only to persons covered by the policy:

> While uninsured coverage is mandated by the statute and coverage which is mandated may not be reduced or eliminated by policy provisions, these protections extend only to those insured under the policy.

163 Vt. at 614–615, 659 A.2d at 1125–1126.

Lunge argues that defining the "named insured" as WCMHS and thereby restricting UM coverage to persons "occupying a covered auto" is inconsistent with the requirements of Section 941(a). Based upon *Norman v. King,* the United States Court of Appeals for the Second Circuit specifically rejected that position in *Canedy v. Liberty Mutual Insurance Co.,* 126 F.3d 100 (2d Cir.1997). In *Canedy,* the plaintiff had rented a vehicle from a rental car company insured by Liberty Mutual. The policy used a Business Auto Coverage Form similar to the one used in the instant case. The plaintiff

was struck by an underinsured driver after she had exited the vehicle and was walking across a street. She had requested an insurance policy with the rental company, and sought UM coverage under that policy. The Second Circuit held that the "named insured" in the insurance policy was the rental company, and not the plaintiff. Because the contract provided for UM coverage only if the plaintiff was using or occupying the rental vehicle, the plaintiff was not entitled to UM benefits. Further, such a restriction of who was to be covered under the UM policy did not violate Section 941(a).

*Canedy* clearly rejects Lunge's claim that the insurance contract's restrictions on who is entitled to UM coverage violates Vermont's statutory scheme. Such a limitation of who is covered is permissible. However, the Court in *Canedy* never addressed whether the definition of "named insured" was ambiguous in the context of the family-oriented language of the contract, nor has this language been interpreted by the Vermont Supreme Court. As a result, the Court now turns to that issue.

D. *Ambiguity*

 Rules for interpreting insurance contracts in Vermont are well established. An insurance policy must be interpreted according to its terms and the evident intent of the parties as expressed in the policy language. *City of Burlington v. National Union Fire Ins. Co.*, 163 Vt. 124, 127, 655 A.2d 719, 721 (1994). Any ambiguity in an insurance contract must be resolved in favor of the insured. *Garneau v. Curtis & Bedell, Inc.*, 158 Vt. 363, 367, 610 A.2d 132, 134 (1992). The insurer, however, should not be deprived of unambiguous provisions put into a policy for its benefit. *Suchoski v. Redshaw*, 163 Vt. 620, 622, 660 A.2d 290, 292 (1995).

Numerous jurisdictions have found the words "You, or if you are an individual, any family member" appearing under "WHO IS AN INSURED" in the UM endorsement of a

corporate business auto policy unambiguous, and have denied UM coverage to corporate employees or their family members when "you" is defined as the "named insured" and the "named insured" is the corporation. *See e.g., Benns v. Continental Cas. Co.*, 982 F.2d 461 (10th Cir.1993); *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455 (Tex.1997); *Martinelli v. Travelers Ins. Cos.*, 687 A.2d 443 (R.I.1996); *Jaramillo v. Providence Washington Ins. Co.*, 117 N.M. 337, 871 P.2d 1343 (1994); *Marcello v. Moreau*, 672 So.2d 1104 (La.Ct.App.1996); *Jensen v. United Fire and Cas. Co.*, 524 N.W.2d 536 (Minn.Ct. App.1994). In sum, these cases have held that the "plain and ordinary meaning" of the policy terms did not extend UM coverage to individuals when the named insured was a corporation.

 However, in *Hansen v. Ohio Casualty Insurance Co.*, 239 Conn. 537, 687 A.2d 1262 (1996), the Connecticut Supreme Court held that the language "You or if you are an individual, any family member" in the uninsured motorist provision of a corporate auto policy rendered the policy ambiguous, and determined that a shareholder of the corporation was entitled to · uninsured motorist benefits as a "covered insured" under the corporate policy containing this language. The court stated:

> Because corporations do not have families, uninsured motorist endorsements containing family member language should not be appended to business automobile liability insurance policies. If they are, then, in keeping with the consumer oriented spirit of the rules of insurance policy construction, the claimed ambiguity should be construed from the standpoint of the reasonable layperson in the position of the insured and not according to the interpretation of trained underwriters.

687 A.2d at 1265.[3]

The *Hansen* court followed a previous decision, *Ceci v. National Indemnity Co.*, 225 Conn. 165, 622 A.2d 545 (1993), which involved similar language in a corporate auto

---

**3.** The court also noted that the reference to "bodily injury" in the endorsement added to the ambiguity because "bodily injury is, of course, some-

thing that a corporation cannot suffer." *Hansen v. Ohio Casualty Ins. Co.*, 687 A.2d at 1265.

insurance policy. In that case, the Connecticut Supreme Court held that the family member of a corporate shareholder was entitled to uninsured motorist benefits under a policy issued to the corporation where the terms in the uninsured motorist provision read under "WHO IS AN INSURED", "You, or any family member". These terms were held to be ambiguous, because "You" referred to the named insured and corporations cannot have family members. The *Hansen* court, following *Ceci*, held that the qualifying words "You, if you are an individual, any family member" did nothing to clarify the ambiguity. The *Hansen* court emphasized that the policy also contained another reference to family members without the qualifying words. The *Hansen* policy, in the "EXCLUSIONS" section of the UM endorsement, provided, "[t]his insurance does not apply to ... '[b]odily injury' sustained by you or any 'family member' " This language is similar to the language under the "EXCLUSIONS" section of the UM endorsement in the present case, which also contains no qualifying phrase.

Although Lussier is not a shareholder at WCMHS, the Connecticut Supreme Court has not limited its interpretation of the relevant contractual language to cases involving corporate shareholders. In *Agosto v. Aetna Casualty and Surety Co.*, 239 Conn. 549, 687 A.2d 1267 (1996), a companion case to *Hansen*, the Connecticut Supreme Court held that a state trooper who was struck by an uninsured motorist when he was outside his cruiser during a routine traffic stop was entitled to UM coverage under the State's commercial auto policy. The Connecticut Supreme Court did not distinguish this case from *Hansen* on the ground that the policy was issued to a government entity as opposed to a corporation. Neither did the Court restrict the UM coverage under the State's commercial auto policy to high level officials. The Court noted:

> Although the plaintiff's decedent was not the purchaser of the policy, ... the reasonable expectations of the intended beneficiaries, such as the decedent in this case, are relevant. 'In general, courts will protect the reasonable expectations of applicants, insureds, and intended beneficiaries re-

garding the coverage afforded by insurance contracts....' R. Keeton & Widiss, *Insurance Law* (1988) § 6.3(a)(3). The plaintiff's decedent was in essence a third party beneficiary of the insurance policy between the state and the defendant and, therefore, is entitled to stand in the shoes of the state with respect to reasonable expectations. Moreover, 'when a corporate or governmental entity is identified as the named insured in an insurance policy that uses coverage terms appropriate for coverage used to individuals, courts chastise insurers for employing those forms rather than using coverage terms that are appropriate for insurance policies issued to various types of business or governmental entities.' 3 A. Widiss, *Uninsured and Underinsured Motorist Insurance* (2d Ed.1995) § 33.3, p. 70.

*Agosto v. Aetna Casualty*, 687 A.2d at 1269, n. 3 (citations omitted).

The Court concludes that the language reading "you, or if you are an individual, any family member" and "...bodily injury sustained by the insured ..." renders the definitions of "you" and "insured" within the UM endorsement of National Casualty's policy ambiguous. The language is "reasonably or fairly susceptible of different constructions" *Town of Troy v. American Fidelity Co.*, 120 Vt. 410, 418, 143 A.2d 469, 474 (1958). The clear implication of such family-oriented language is that the policy covers primary drivers and, by extension, their family members. Needless to say, if Lussier, a permissive user of a WCMHS vehicle, had been included as a "named insured", UM coverage would have been extended to her and her family members.

A second reason for the ambiguous policy language defining the "named insured" stems from the unique facts of this case. Lussier's vehicle was used exclusively by her as if it were her own. Provided that both contractual parties knew that the vehicles were used for personal as well as business purposes, they may have reasonably concluded that the insurance contract provided Lussier the same level of protection that would be afforded to her if she had been the insured.

Having concluded that the individual and family-oriented language in the policy creates ambiguity in the definition of "named insured," the Court turns to the question of whether the contract provides personal UM coverage to Lussier and her family members. Again, the Court turns, as it must, to Vermont law to interpret the language of the policy.

If a contract provision is ambiguous, the intent of the parties becomes a question for the trier of fact. *United Ry. Supply v. Boston & Maine Corp.*, 148 Vt. 454, 457, 535 A.2d 325, 327 (1987). Extrinsic evidence may be relied upon to construe the instrument, without running afoul of the parole evidence rule. *Breslauer v. Fayston Sch. Dist.*, 163 Vt. 416, 425, 659 A.2d 1129, 1135 (1995).

There are numerous facts which are relevant to the court's determination of the intent of the parties that have not been addressed. The circumstances surrounding the entry into the insurance contract have not been described. Neither party proffered any evidence concerning any representations to the policyholders as to the extent of coverage. There has been no evidence concerning whether National Casualty knew that the cars were to be personal vehicles of WCMHS employees.

Furthermore, there are a number of material facts in dispute, making summary judgment inappropriate. The Vermont Supreme Court has held that the reasonable expectations of the parties are important in considering the scope of coverage provided in insurance contracts. In *State Farm Mutual Automobile Ins. Co. v. Roberts*, the Court stated:

> ... such contracts, largely adhesive in nature, often contain boilerplate terms that are not bargained for, not read, and not understood by the insureds ... Therefore, in determining the reasonable expectations of the parties to an insurance contract, we must consider the policy in its entirety with an eye toward its general purpose.

697 A.2d 667, 672 (Vt.1997). The reasonable expectations of "intended beneficiaries" to an insurance contract are relevant to the policy's interpretation. *Agosto v. Aetna Casualty*, 687 A.2d at 1269, n. 3. *See also McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251, 254 (10th Cir.1993) (reasonable expectations of additional insured relevant to construction of endorsement under Kansas law). Lussier claims that she had a reasonable expectation that the coverage she was receiving was as comprehensive as any coverage she could have bought herself. National Casualty disagrees, both factually and as to the relevance of her expectations.

There is also a dispute of fact regarding the value of premiums paid by WCHMS to National Casualty. Lunge contends that the premiums paid were as much or more than Lussier would have paid for personal UM coverage she could have obtained on her own. National Casualty disagrees, contesting Lunge's method of calculating premiums. The amount paid as premium is certainly relevant to the Court's analysis of the intent of the parties concerning the extent of coverage.

Accordingly, the Court finds that summary judgment is not appropriate at this time, as there remain significant material facts in question.

## CONCLUSION

Defendant's motion for summary judgment (paper 9) is DENIED.

Plaintiff's motion for summary judgment (paper 11) is DENIED.

Plaintiff is given thirty days to amend her complaint under 28 U.S.C. § 1653.