**Edwin NACHBAUR, Plaintiff–Appellant,**

v.

**Andrew B. WEISS, Defendant,**

**Arthur J. Grosshandler and Bisceglia & Oppenheim, Defendants–Appellees.**

**No. 01–7192.**

United States Court of Appeals, Second Circuit.

Oct. 1, 2001.

Edwin Nachbaur, New York, NY, pro se.

Mark K. Anesh, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, for defendant-appellee Arthur J. Grosshandler.

Marjorie E. Bornes, New York, NY, for defendant-appellee Bisceglia & Oppenheim.

Present WILFRED FEINBERG, RICHARD J. CARDAMONE and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

Edwin Nachbaur appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) dismissing his complaint for lack of subject matter jurisdiction. For the reasons given below, we affirm.

Nachbaur is a New York resident. His complaint alleges defendants Weiss and Grosshandler are also New York residents, and that the law firm of Bisceglia & Oppenheim is also resident in New York. The complaint alleges Nachbaur was injured in a 1993 accident with a taxi, for which he was treated at St. Luke's Hospital. Nachbaur brought suit against the taxi driver. As part of the proceedings in that lawsuit, on July 15, 1999, Nachbaur submitted to a medical exam performed by defendant Andrew B. Weiss, M.D. The instant suit alleges Weiss "conspired with co-defendants to rig 7/15/99 report in favor of defense." The co-defendants are Arthur J. Grosshandler, who represented Nachbaur in the original lawsuit against the taxi driver; and Bisceglia & Oppenheim, P.C., who represented the taxi driver.

Nachbaur alleged the Southern District of New York could exercise diversity jurisdiction under § 1332 and federal question jurisdiction under 28 U.S.C. § 1331 because of his allegation of acts prohibited under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961. Bisceglia & Oppenheim filed a letter with the district court, questioning the court's subject matter jurisdiction and requesting the letter be deemed a motion to dismiss. The district court *sua sponte* dismissed the complaint for lack of subject matter jurisdiction on January 31, 2001. This appeal followed. Nachbaur alleges the district court erred in its *sua sponte* dismissal for lack of subject matter jurisdiction and its failure to permit amendment of the complaint given plaintiff's *pro se* status. Nachbaur further alleges Judge Buchwald was biased against him because she noted he was a frequent litigator; that the district court deprived him of due process; and the district court erred in not permitting him to respond to Bisceglia & Oppenheim's letter.

We review the dismissal of a complaint for lack of subject matter jurisdiction *de novo*. *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 266 (2d Cir.1996).

A district court may raise the issue of subject matter jurisdiction *sua sponte*. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105,

**26**

107 (2d Cir.1997). The district court correctly determined it lacked diversity jurisdiction. Nachbaur asserted diversity jurisdiction while alleging in his complaint that he and at least two of the defendants reside in New York. "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State." *Viacom Int'l, Inc. v. Kearney,* 212 F.3d 721, 726 (2d Cir.2000) (internal citation omitted). As there is not complete diversity of residence among the parties, the district court properly found it lacked subject matter jurisdiction.

Further, the district court correctly determined Nachbaur's complaint cannot be read as stating a claim under RICO. Claims brought under federal question jurisdiction may be dismissed if it "clearly appears to be immaterial and made solely for the purpose of *obtaining jurisdiction.*" *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Even giving the complaint a liberal reading, it cannot be read as stating a claim under RICO because Nachbaur failed to allege any RICO elements. *See Moss v. Morgan Stanley Inc.,* 719 F.2d 5, 17 (2d Cir.1983). The district court, therefore, properly dismissed for lack of federal question jurisdiction. As there is no indication Nachbaur could establish subject matter jurisdiction by any lawful amendment, we find the district court did not err by not permitting Nachbaur to amend. *See Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir.1997).

We have examined the remainder of Nachbaur's claims and find them without merit.