Javad DADGOSTARI, Plaintiff–Appellant,

v.

KATHARINE GIBBS SCHOOLS, INC., Defendants–Appellees.

Docket No. 02–7914.

United States Court of Appeals, Second Circuit.

June 3, 2003.

Javad Dadgostari, New York, NY, pro se.

Alfred G. Feliu, Vandenberg & Feliu, LLP, New York, NY (Steven S. Deibert, Julie L. Gottshall, Amy Moor Gaylord, of Counsel), for Defendant-Appellee.

PRESENT: STRAUB, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CIT-ED AS PRECEDENTIAL AUTHORITY TO. THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 3rd day of June, two thousand and three.

UPON SUBMISSION AND AFTER DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is AFFIRMED as modified, and REMANDED for entry of an amended judgment.

On March 22, 2002, plaintiff Dadgostari filed a civil complaint, consisting of a cover page and one-page letter, against his former employer, Katharine Gibbs School. The complaint alleged that the School, in which he worked as an adjunct instructor, violated federal and state laws by engaging in: "[d]eceit, slander, misrepresentation, intentional infliction of emotional distress, wrongful discharge, retaliation, discriminatory behavior, coercion, breach of implied contract, defamation, conspiracy and subjection to a hostile work environment." Dadgostari invoked the federal and New York state constitutions as the basis of his action, without reference to any constitutional provisions. The District Court's civil cover sheet, which Dadgostari filled out, indicated that the cause of action was "Retaliation for Complaint Against Misuse of Funds" and that jurisdiction was based on a federal question. The letter portion of the complaint stat-

ed: "Plaintiff realizes the following pleading is inadequate but he is filing it in order to remain in compliance with the filing limitations. Thus, plaintiff prays that the court allow him to replead his case to the satisfaction of the court."

On May 31, 2002, pursuant to Fed. R.Civ.P. 8 and 12(h)(3), the District Court *sua sponte* dismissed the complaint, finding that, although *pro se* complaints should be liberally construed, the complaint must be dismissed because it: (1) was "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, [was] well disguised"; (2) failed to provide the defendant with "fair notice of what [the] claim [was] and the grounds upon which it rest[ed]"; and (3) failed to "allege any facts establishing subject matter jurisdiction." Judgment was entered on June 4, 2002.

This Court reviews a District Court's dismissal under Rule 8 for abuse of discretion. *See Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir.2000). Although the District Court has discretion to dismiss a complaint under Rule 8 *sua sponte* or in response to a motion, the District Court's discretion must be considered in light of Rule 15(a)'s command to grant leave to amend a complaint freely. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).

Pursuant to Fed.R.Civ.P. 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Nonetheless, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. In addition, "[s]uch amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds." *Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir.1997).

We affirm the dismissal of the complaint for lack of compliance with Rule 8, as it did not provide the defendant with notice of the relevant facts underlying the claim, and with Rule 12(h)(3), because there were not sufficient facts alleged to indicate the basis for federal jurisdiction. However, because plaintiff is *pro se,* and did not have the opportunity to amend his complaint, we modify the judgment to indicate that dismissal is without prejudice to repleading in compliance with Rules 8 and 12(h)(3).

The judgment of the District Court is hereby modified by inserting the words "without prejudice to repleading in compliance with Federal Rules of Civil Procedure 8 and 12(h)(3)" to the judgment entered, and as modified, the judgment is AFFIRMED. The District Court is directed to enter an amended judgment accordingly.