11-4168-cv
Young-Gibson v. Patel

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

PRESENT:
  BARRINGTON D. PARKER,
  PETER W. HALL,
  J. CLIFFORD WALLACE,*
      *Circuit Judges.*

---

BARBARA YOUNG-GIBSON,

          *Plaintiff-Appellant,*

       v.                        No. 11-4168-cv

PRAVIN PATEL, OWNER, BEST WESTERN DUNKIRK
and FREDONIA,

          *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:      JOHN H. BEAUMONT, Hite & Beaumont, P.C., Albany, New York.

FOR DEFENDANT-APPELLEE:      GREGORY ZINI, Damon Morey, LLP, Buffalo, New York.

---

* Judge J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *Chief Judge*).   **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED.**

Appellant, Barbara Young-Gibson, appeals the district court's dismissal of her complaint against Appellee, Pravin Patel, owner the Best Western Dunkirk and Fredonia, for failure to state a claim.   The complaint alleges that the hotel breached its duty to exercise reasonable care for the convenience, comfort, and safety of its guests by failing to answer its telephone, thereby preventing Young-Gibson's doctor from contacting her with important medical information.   *See McKee v. Sheraton-Russell, Inc.,* 268 F.2d 669, 671 (2d Cir. 1959) (citing *DeWolf v. Ford,* 193 N.Y. 397 404 (1908)).

Before we may reach any of the issues raised on appeal, we must first assure ourselves that the district court had jurisdiction over the subject matter of the case.   Young-Gibson brought this tort action under 28 U.S.C. § 1332 alleging as her sole jurisdictional basis the parties' diversity of citizenship. Specifically, she alleges that she is a *resident* of Gloucester, Massachusetts and a citizen of the United States of America; Pratel is a *resident* of Dunkirk, New York, and a citizen of the United States of America.   It is well-established that allegations of residency alone cannot establish whether parties are "citizens of different states" for the purposes of establishing subject matter jurisdiction under section 1132.   *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996). Although Patel does not press this issue, subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998), and we conclude that Young-Gibson has failed properly to allege diversity jurisdiction.

2

Having concluded that subject matter jurisdiction was insufficiently alleged prior to the district court's consideration of the merits of Young-Gibson's complaint, we vacate the district court's dismissal of that complaint and remand for the district court to consider, in the first instance, whether leave to amend is appropriate, and, if not, thereafter to dismiss this action. We note that defective allegations of jurisdiction may be amended, 28 U.S.C. § 1653, and when the record supports a factual basis for diversity, leave to correct a technical defect is freely given. *See Candey v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir. 1997).

For the foregoing reasons, the judgment of the district court is VACATED and REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk