17-1142-cv
Maitland v. Fishbein, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand eighteen.

PRESENT:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

Edson Maitland, Yvonne Maitland,

> *Plaintiffs-Appellants*,

> v.                                                              No. 17-1142-cv

Lisa Fishbein, Robert Fishbein,
JPMorgan Chase Bank, N.A.,

> *Defendants-Appellees*,

Select Portfolio Servicing, Inc.,

> *Defendant*.

_____

| | |
|---|---|
| FOR APPELLANTS: | EDSON MAITLAND, Yvonne Maitland, *pro se*, Palm Coast, FL. |
| FOR LISA AND ROBERT FISHBEIN: | ANDREW S. MULLER, Platzer, Swergold, Levine, Goldberg, Katz & Jaslow, LLP, New York, NY. |
| FOR JPMORGAN CHASE BANK, N.A.: | BRIAN P. SCIBETTA, Buckley Madole, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, *J*.; Tomlinson, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and that this case is **REMANDED** to the district court for further proceedings consistent with this opinion.

Appellants Edson and Yvonne Maitland, proceeding *pro se*, appeal from a judgment in favor of Lisa and Robert Fishbein and JPMorgan Chase Bank, N.A. (Chase). The Maitlands asserted federal claims, including a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, as well as state law claims sounding in fraud. Following a magistrate judge's report and recommendation, the district court dismissed the federal claims for failure to state a claim, concluded that the Maitlands failed to allege diversity jurisdiction, and declined to exercise supplemental jurisdiction over their state law claims. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

As an initial matter, the Maitlands have waived appellate review of their RICO claim against the Fishbeins by failing to object to the portion of the magistrate judge's February 28, 2017 report and recommendation addressing that claim despite being notified of the consequences of their failure to do so.[1]  *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003).   Although we have discretion to excuse that waiver "in the interests of justice," *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cephas*, 328 F.3d at 107, "[s]uch discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party," *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).   Upon review, we conclude that, even were we to excuse the Maitlands' failure to object to the relevant portions of the magistrate judge's report and recommendation, we would nonetheless affirm for substantially the reasons stated by the magistrate judge.

On appeal, the Maitlands primarily argue that the district court possessed diversity jurisdiction over their state law claims and erred when it dismissed their claims for want of diversity jurisdiction (having declined to exercise supplementary jurisdiction following dismissal). "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).   "[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay." *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000).   The magistrate judge properly concluded, in a report and recommendation adopted in its entirety by the district court, that the Maitlands failed to adequately plead diversity jurisdiction.   The complaint alleged only that the

---

[1] Further, the Maitlands have abandoned all their remaining federal claims by failing to address them in their appellate brief.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

3

Maitlands resided in Florida, the Fishbeins resided in New York, and Chase's main office was in New York. This was insufficient to show that the Maitlands were domiciled in, and thus citizens of (within the meaning of 28 § U.S.C. 1332), Florida, especially considering that their lawsuit involved a property they owned in New York. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is . . . clear that a statement of the parties' residence is insufficient to establish their citizenship.").

However, "[a] failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). Federal law provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. As such, when the record supports a factual basis for diversity, leave to correct a technical defect is freely given. *See Canedy*, 126 F.3d at 103. "Unless the record clearly indicates that the complaint could not be saved by any truthful amendment, we generally afford an opportunity for amendment." *Id.* (citation omitted).

Having reviewed the entire record and the Maitlands' filings in this Court, we conclude that they have now alleged an adequate basis for diversity jurisdiction. The Maitlands moved to Florida in 2010, have had Florida driver's licenses since before their complaint was filed, have advised us that they intend to remain in Florida, and have been renting their New York property to a tenant since moving. Under the circumstances of this case, where the plaintiffs are proceeding *pro se*, we are satisfied that these allegations are sufficient to demonstrate "both physical presence [in Florida] and intent to stay." *See Universal Reinsurance Co.*, 224 F.3d at 141. We therefore hereby deem the Maitlands' pleadings amended to properly allege diversity jurisdiction, *see Canedy*, 126 F.3d at 103, and we remand the case for the district court to address the Maitlands' state law claims in the first instance, *see, e.g.*, *Farricielli v. Holbrook*, 215 F.3d

4

241, 246 (2d Cir. 2000) (per curiam) (observing that "[i]t is [this Court's] settled practice to allow the district court to address arguments in the first instance").[2]

Accordingly, we **AFFIRM** the judgment of the district court with respect to the Maitlands' federal claims, we **VACATE** the judgment of the district court with respect to their state law claims, and we **REMAND** for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] None of the appellees dispute that they are not citizens of Florida. However, it appears that Chase, a national banking association, is actually a citizen of Ohio, not New York. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) (per curiam) (national banking association is citizen of state listed in its articles of association as its main office); *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 673 (11th Cir. 2014) (Chase's principal office is in Ohio); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 313–14, 314 n.3 (S.D.N.Y. 2006) (same). Regardless, this fact would not defeat complete diversity.