22-1335-cv
*Joseph C. Canouse v. Protext Mobility, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

JOSEPH C. CANOUSE, AN INDIVIDUAL,

> *Plaintiff-Appellee,*

> v.                                                          22-1335-cv

PROTEXT MOBILITY, INC.,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Plaintiff-Appellee: | Robert M. Fleischer, Green & Skalrz, LLC, New Haven CT. |
| For Defendant-Appellant: | Lucas A. Markowitz, Offit Kurman, P.A., New York NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Protext Mobility, Inc. ("Protext") appeals from a May 20, 2022 order of the United States District Court for the Southern District of New York (Stanton, *J.*) denying a motion brought pursuant to Federal Rule of Civil Procedure 60(b) to vacate the default judgment issued against it in favor of Plaintiff-Appellee Joseph C. Canouse ("Canouse"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

\*       \*       \*

On April 23, 2018, Canouse filed suit against Protext in district court, asserting claims for breach of contract and conversion.[1] Those claims allegedly arose from five separate agreements purportedly assigned to Canouse by Protext's former chief executive officer, Steven Berman—an employment agreement, a consulting agreement, and three promissory notes. Protext accepted service of the complaint and, shortly thereafter, moved to compel arbitration of the claim for breach of the employment agreement and to dismiss the other claims. On January 30, 2019, the district

---

[1] Canouse brought the suit under 28 U.S.C. § 1332 alleging as his sole jurisdictional basis the parties' diversity of citizenship. However, while Canouse appropriately pled that Protext is a Delaware corporation with its principal place of business in Florida, both his initial complaint and his subsequently filed amended complaint merely allege that he is "residing in" Georgia. "[I]t is well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). Nevertheless, pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Accordingly, this Court issued a *sua sponte* order directing Canouse to file an affidavit regarding his domicile. Having received that affidavit, and having considered Protext's response, we are now satisfied that the record, as supplemented, establishes by a preponderance of the evidence that Canouse is a citizen of Georgia. *See Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 56 n.3 (2d Cir. 2019). Accordingly, "we deem the pleadings amended so as to properly allege diversity jurisdiction," *Canedy*, 126 F.3d at 103, and turn to the merits.

court granted the motion to compel arbitration as to alleged breach of the employment agreement and granted the motion to dismiss in part.

A few months later, in April 2019, Canouse filed an amended complaint (1) reasserting the claims for breach of contract arising from the consulting agreement and the promissory notes and (2) purporting to cure the deficiencies in the pleadings previously identified by the district court. Having received no response from Protext within the prescribed time period, Canouse sought a clerk's certificate of default on September 5, 2019, which was issued that same day. *See* Fed. R. Civ. P. 55(a). On November 8, 2019, Canouse moved for entry of default judgment against Protext. Although Protext was served both electronically on its counsel of record via the court's CM/ECF system and directly via first-class mail, Protext never responded. On November 19, 2019, the district court entered default judgment against Protext in the amount of $563,396.72. *See* Fed. R. Civ. P. 55(b)(2). While the parties dispute when Protext first became aware of the default judgment, both agree that Protext knew of the judgment by July 2020 at the latest.

On April 8, 2022, over two years after judgment was entered, Protext brought a motion pursuant to Federal Rule of Civil Procedure 60(b) to vacate the default judgment, primarily arguing that it was abandoned by its counsel and that such circumstances entitle it to relief under Rule 60(b)(6). The district court denied the motion as untimely, concluding that Protext's allegations of attorney negligence are cognizable not under Rule 60(b)(6), but rather Rule 60(b)(1), which is subject to a one-year limitations period. *See* Fed. R. Civ. P. 60(c)(1). This appeal followed.

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that courts "may relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b)(1) must

3

be brought within one year of the judgment or order from which the moving party seeks relief. Fed. R. Civ. P. 60(c)(1). A motion under Rule 60(b)(6) is not subject to a specific time limit, but still must be brought "within a reasonable time." *Id.* "In considering whether a Rule 60(b)(6) motion is timely, [courts] must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983).

Even if a Rule 60(b)(6) motion is brought "within a reasonable time," relief under Rule 60(b)(6) may be granted "only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted). "In typical civil proceedings, this Court *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004). Instead, relief on such grounds is more appropriately sought pursuant to Rule 60(b)(1). *See Matter of Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981). This is consistent with "our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Harris*, 367 F.3d at 81 (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34 (1962)).

To provide a ground for relief under Rule 60(b)(6), "a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." *Id.* (internal citations omitted). Here, Protext argues that it has established such abandonment by its counsel. Specifically, Protext points to the declaration filed in the district court by its current chief executive, David

4

Lewis, which states that, after assuring Protext on September 5, 2019 that he would oppose the then-anticipated motion for default judgment before withdrawing from the matter, Protext's counsel never actually filed any opposition and, worse, did not communicate with Lewis again until a telephone call in March 2022, during which he admitted to never notifying Protext of Canouse's motion. This combination of professional neglect with false assurances, Protext contends, left the company essentially unrepresented. *See United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (finding "'constructive disappearance' of defendants' attorney, who was allegedly suffering from a psychological disorder which led him to neglect almost completely his clients' business while at the same time assuring them that he was attending to it, and who had made himself unavailable even to the trial judge").

But even when an attorney has inexcusably abandoned his responsibilities to his client, to be entitled to relief under Rule 60(b)(6) a party must also demonstrate its own "diligent efforts . . . to induce [the attorney] to fulfill his duty." *Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir. 1978). And this Protext cannot do. Although Protext was on notice that Canouse would move for a default judgment and was aware that its counsel had previously failed to respond on its behalf to Canouse's amended complaint, Protext never made any effort to inquire with its counsel regarding the status of the district court's proceeding. To the contrary, even upon learning of the default judgment entered against it, Protext apparently declined to reach out to its counsel—only communicating with him well over a year later. In these circumstances, Protext's conduct exhibits a failure "to monitor counsel's handling of the lawsuit," *S.E.C. v. McNulty*, 137 F.3d 732, 740 (2d Cir. 1998), contradicting any assertion that Protext remained "diligen[t] in prosecuting [its] case," *Gomez v. City of New York*, 805 F.3d 419, 424 (2d Cir. 2015). We thus conclude that the district court did not abuse its discretion in denying the motion. *See Matarese v. LeFevre*,

801 F.2d 98, 107 (2d Cir. 1986).[2]

*     *     *

We have considered all of Protext's remaining arguments and find them to without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Protext argues, in the alternative, that the district court made "substantive" errors in granting the motion for default judgment, "constitut[ing] an independent reason" to grant it relief pursuant to Rule 60(b)(6). Appellant's Reply Br. at 8. In particular, it argues that the district court erred in entering the default judgment when the amended complaint suffered from the same deficiencies as the complaint originally dismissed in part by the district court. However, a Rule 60(b) motion premised on a court's purported legal errors must typically be brought under Rule 60(b)(1), not Rule 60(b)(6). *See Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022) ("[A] judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)."). Thus, because Protext's motion was not brought within the one-year limitation period applicable to motions brought pursuant to Rule 60(b)(1), the motion was appropriately denied as untimely.